BUNTING STONE HARDWARE CO., Inc., et al. v. ALEXANDER. (No. 7675.)

(Court of Civil Appeals of Texas. Dallas. Jan. 6, 1917.)

1. BANKRUPTCY ⊂⊃435—DISCHARGE — BURDEN OF PROOF—SUIT TO ENJOIN EXECUTION.

In a suit to enjoin execution on a judgment which plaintiff claims was barred by his discharge in bankruptcy, the burden is on plaintiff to plead and prove the discharge, and that the debt involved was not within any class which the Bankruptcy Act excepts from the discharge.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 824–839; Dec. Dig. ⊂⊃435.]

2. BANKRUPTCY ⊂⊃436(3) — DISCHARGE — PLEADING.

A petition to restrain execution on a judgment which alleges that it was founded on a promissory note on which plaintiff was indorser, that the note was duly scheduled in the bankruptcy proceedings, and was a provable claim against his estate, and that he had been discharged is sufficient to admit proof of the dis-

charge, and that the debt was one provable in bankruptcy.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 842, 865; Dec. Dig. �köm436(3).]

**3. BANKRUPTCY �köm436(3)—DISCHARGE—EVIDENCE—DEBTS BARRED BY DISCHARGE.**

Proof that the judgment the enforcement of which plaintiff sought to restrain was based on a note indorsed by plaintiff is sufficient to show that the debt was barred by the discharge under Bankruptcy Act July 1, 1898, c. 541, § 63(a), 30 Stat. 562 (U. S. Comp. St. 1913, § 9647), as one founded upon a contract express or implied, not one excepted from the discharge by section 17 (section 9601) as one for liability for obtaining property by false pretenses, since the creditor by proceeding on the note waived any right arising in tort by reason of false pretenses.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 842, 865; Dec. Dig. �köm436(3).]

Appeal from District Court, Freestone County; A. M. Blackman, Judge.

Suit by Ernest Alexander against the Bunting Stone Hardware Company, Incorporated, and others. Judgment for plaintiff, and defendants appeal. Affirmed.

D. T. Garth, of Teague, for appellants. Boyd & Bell, of Teague, for appellee.

RASBURY, J. Appellee sued appellants in the court below to perpetually enjoin the sale of certain lands levied upon by appellant Geo. W. Burleson, the sheriff of Freestone county, by authority of an execution issued in a judgment in favor of appellant Bunting Stone Hardware Company, Incorporated, and against appellee. Upon hearing the relief sought was granted. The facts forming the basis of the judgment as shown in the record are these: On March 15, 1915, appellee filed in the District Court of the United States for the Northern District of Texas a voluntary petition for adjudication in bankruptcy. Thereafter, on April 6, 1915, appellant Bunting Stone Hardware Company, Incorporated, recovered in the court in which this proceeding was filed a final judgment against appellee and others for $621.60, and interest. The basis of said judgment was the promissory note of Teague Gas Stove Company, a trading partnership composed of appellee and two others, and which note appellee and the other partners individually indorsed. Said note was scheduled by appellee in the bankruptcy proceeding, and the appellant Bunting Stone Hardware Company, Incorporated, listed therein as one of his creditors. On July 30, 1915, appellee was by said District Court of the United States discharged from all debts and claims existing against him on March 17, 1915, and by the acts of Congress relating to bankruptcy. On September 21, 1915, appellant Bunting Stone Hardware Company, Incorporated, caused execution to issue upon its judgment against appellee and placed same in the hands of appellant George W. Burleson, sheriff of Freestone county, who levied same upon 81 acres of land in said county, acquired by appellee subsequent

to his discharge in bankruptcy, and advertised same to be sold thereunder November 2, 1915. As we have said, the district judge, in the injunction proceeding, and to whom all issues of fact were submitted, perpetually enjoined Burleson, sheriff, from selling said land, and the Bunting Stone Hardware Company, Incorporated, from issuing further process on said judgment of any character against appellee.

[1, 2] The sole issue presented in various ways on appeal is that appellee was not entitled to injunction for the reason that he failed to plead and prove that the debt evidenced by the judgment was one made provable in bankruptcy by the acts of Congress relating thereto. Appellee being plaintiff in the court below, the burden was upon him to plead and prove by a preponderance of the evidence, as that term is generally understood, that which would release him from the judgment obtained against him before his discharge in bankruptcy. In that respect it was necessary for him to plead his discharge and that the debt from which he was discharged and which was asserted against him in the subsequent proceeding was not within any of the classes of claims which the act excepts from the operation of the discharge. 7 C. J. 414, § 733; 5 Cyc. 405; Imhoff v. Whittle, 82 S. W. 1056. And we conclude that appellee did in such respect sufficiently plead and prove the necessary facts. By his petition shown in the record, appellee, among other matters, alleges in substance that the claim or judgment sought to be enforced against him was founded upon a promissory note upon which he was indorser, and that such note was duly scheduled in the bankruptcy proceedings as a debt against his estate, and that said debt was a provable claim against his estate, and that he had been discharged therefrom. Obviously such allegations are sufficient to admit proof of his discharge and that the debt was one provable in bankruptcy.

[3] The proof offered in support of the allegations was that appellee, H. H. Houston, and A. J. Dobson were partners under the firm name of Teague Gas Stove Company, which firm on February 10, 1914, executed and delivered to appellant in payment of a firm debt their negotiable promissory note for the principal sum of $737.10, due nine months from date, bearing 8 per cent. per annum interest and reasonable attorney's fees. This note each of the partners indorsed individually. The judgment sought to be enforced against appellee was upon said note; the judgment roll so reciting. Such facts are, in our opinion, sufficient to support the finding of the trial court that appellant's claim was one provable in bankruptcy or that it was not one of the debts excepted by the act from the operation of the discharge. Among the debts from which a discharge in bank-

ruptcy will release the debtor are those constituting a fixed liability, as evidenced by judgment or instrument in writing, absolutely owing at time of adjudication, etc., or one founded upon an open account or upon a contract, express or implied, etc., or one founded upon provable claim reduced to judgment after filing petition in bankruptcy and before discharge. Section 63 (a), Bankruptcy Act. Those debts from which the bankrupt is not released as applicable to the case at bar are liabilities for obtaining property by false pretenses or false representations, etc. Section 17, Bankruptcy Act. As we have said, the burden was upon appellee to show that the debt asserted against him (the judgment) was not of the class excepted by section 17, just recited. This he did by the proof we have detailed, since in applying section 17 to "liabilities" evidenced by judgments or instruments in writing it has been ruled that, where the creditor stands, either in the proceeding in bankruptcy or in a suit in the state court, upon the contract as originally made, he waives any right arising thereon in tort, and the claim as a consequence becomes one provable in bankruptcy and from which the bankrupt is released when discharged. Tindle v. Birkett, 205 U. S. 183, 27 Sup. Ct. 493, 51 L. Ed. 762; Ford v. Blackshear Mfg. Co., 140 Ga. 670, 79 S. E. 576. Hence in the case at bar, if in truth facts existed which when proven would have brought appellee's note within the class of claims excepted from the operation of the discharge, appellant waived the right to assert them when he elected to stand upon the contract or note, and it was only necessary for appellee to prove the waiver. This he did when the record in the judgment proceeding disclosed that appellant elected to enforce the contract or note.

The judgment is affirmed.