FORSYTH *v.* VEHMEYER.

ERROR TO THE SUPREME COURT OF THE STATE OF ILLINOIS.

No. 180.   Submitted March 13, 1900.—Decided April 9, 1900.

A representation as to a fact, made knowingly, falsely and fraudulently, for the purpose of obtaining money from another, and by means of which such money is obtained, creates a debt by means of a fraud involving moral turpitude and intentional wrong, and such debt is not discharged by a discharge in bankruptcy.

This was a motion to dismiss.    The case is stated in the opinion of the court.

*Mr. John S. Miller* and *Mr. M. W. Robinson* for the motion.

*Mr. Edward Roby* opposing.

Mr. Justice Peckham delivered the opinion of the court.

The defendant in error brought this action against one Jacob Forsyth, in the Superior Court of Cook County, in the State of

Illinois, in April term, 1891, upon a judgment in his favor which he had theretofore recovered against the said Jacob Forsyth. The defendant has died since the commencement of this action, and the plaintiff in error has been appointed administrator upon his estate. The judgment sued upon was entered at the June term of the Superior Court of, Cook County, in the State of Illinois, held in Chicago in 1871, and the judgment record was destroyed by the great fire in that city on October 9, 1871.

To the declaration in the action upon this judgment the defendant pleaded (1) *nil debet ;* (2) *nul tiel record ;* (3) a discharge in bankruptcy, (meaning under the bankrupt act of 1867).

Plaintiff replied to the third plea, that the debt mentioned in the judgment was created by fraud, and therefore was not discharged under the bankrupt act.

Upon the trial the plaintiff, in order to prove the original judgment and its character, called as a witness the attorney who procured it, who testified that the declaration was in substance as follows : The plaintiff complains of the defendant in an action in trespass on the case, for that on the tenth day of August, 1868, in order to induce the plaintiff to advance to the defendant a large amount of money, to wit, the sum of twelve hundred dollars, the defendant falsely and fraudulently represented unto the plaintiff that the defendant had a large amount of birch cordwood, to wit, the amount of 200 cords, cut and piled up near the Pittsburgh and Fort Wayne Railroad in the county of Lake, State of Indiana, ready to be shipped to Chicago ; that one Eldridge had contracted to purchase the wood at six dollars per cord in the city of Chicago, when shipped, and that if the plaintiff would advance to the defendant at the rate of five dollars per cord, for the two hundred cords of wood, the defendant would immediately ship the cordwood to the city of Chicago ; that the plaintiff relying upon those representations as being true advanced to the defendant the sum of $1200 ; that the defendant shipped only the sum of forty cords of wood to Eldridge, upon which the plaintiff received the sum of six dollars per cord ; that the representations of the defendant were false and fraudulent ; that he did not have and never did have in the county of Lake and State of Indiana two hundred cords of birch

wood piled up ready for shipment to the city of Chicago to sell to Eldridge, but that he only had in the county of Lake, or anywhere else, the sum of forty cords of birch wood, which was shipped by the defendant to Eldridge; that the plaintiff was damaged to the extent of the amount that was alleged in the declaration, and therefore he brings this action for fraud and deceit against the defendant.

To this declaration the undisputed evidence shows that the defendant pleaded not guilty, and there was no other issue in the case. The verdict was, " That the jury found the defendant guilty and assessed the plaintiff's damages at $833.35." Judgment was duly entered upon the verdict, and it is this judgment which is sued upon in this action.

The present action was tried before the court, and upon the trial the defendant read in evidence a duly certified copy of his discharge in bankruptcy on December 30, 1880. The court found the issues in favor of the plaintiff, and ordered judgment in his favor, which was duly entered. Upon appeal to the Appellate Court the judgment was affirmed, and upon a further appeal to the Supreme Court that court also affirmed it, and the case is now here on writ of error to the Supreme Court of Illinois.

Unless the judgment sued upon was recovered on a debt created by fraud, the defendant's discharge in bankruptcy was a bar to the maintenance of this action.

The bankrupt act of 1867, section 33, 14 Stat. 517, 533; also Rev. Stat. section 5117, provided, " That no debt created by the fraud or embezzlement of the bankrupt, or by his defalcation as a public officer, or while acting in any fiduciary character, shall be discharged under this act," etc.

The plaintiff in error contends that the original judgment was not recovered in an action for fraud and deceit, and even if it were, the fraud proved is not that kind of fraud which is debarred from a discharge in bankruptcy. He gave some evidence tending to show that the action was in the nature of one in assumpsit, but the finding of the court in plaintiff's favor must be held to be a finding that the action was for fraud.

The declaration proved alleges a false and fraudulent rep-

resentation by means of which the plaintiff below was induced to advance money to the defendant to his damage in a named amount.   The defendant pleaded not guilty, and if the cause of action had been one in assumpsit, the plea at common law would have been non-assumpsit instead of not guilty.   3 Ch. Pl. 10th Am. 3d Lond. ed. pp. 908, 1030.

The declaration did not, it is true, contain the allegation that the representations of the defendant were false to his knowledge.   It simply said that the representations of the defendant were false and fraudulent.

The opinion of the Appellate Court, in this case, which was adopted by the Supreme Court of the State, held that "the declaration testified to is too plainly in tort for false and fraudulent representations to require argument.   The allegation that the representations were false and fraudulent implies that appellant knew of their falsity.   .   .   .   But even though an express allegation of the *scienter* were necessary, its omission would be cured by the verdict."   We understand by this opinion that the court held the first action was for fraud and deceit and that the plaintiff was bound to have proved the fraud as alleged in the declaration in order to maintain the action.   This decision involves no Federal question.

Where the state court has decided that the action was for fraud and deceit, and has held that in order to have maintained such action the fraud must have been proved as laid in the declaration, it must be assumed that the verdict and judgment in that action were obtained only upon proof and a finding by the jury of the fact of fraud.   Judgment being entered after a trial upon such pleadings and upon a verdict of guilty, the question of fraud was not open for a second litigation upon the trial of this action.   The defendant below in this action had full opportunity given him to prove what in fact was the declaration in and the character of the first action, and the findings of the court below in favor of the plaintiff must be regarded as a finding against the defendant upon the issue as to the character of that action.   The evidence offered by him and rejected by the court was not admissible on the issue because it was not pertinent. The existence of the fraud must, therefore, be assumed in the

further progress of the case. The only matter left for this court to decide is whether a debt created by means of a fraud, such as is set forth in the declaration, is exempt from the effect of a discharge in bankruptcy.

The proper construction of the section of the act relating to such a discharge has been frequently before this court, and we regard the law upon the subject as quite well settled. There are many cases where it has been claimed that the discharge was operative, if the fraud proved was only constructive, and involved no moral turpitude or intentional wrong. Such cases are illustrated by that of *Hennequin* v. *Clews,* 111 U. S. 676. In that case the pledgee of stocks, held as security for a liability incurred by him for the pledgor, had thereafter hypothecated the stocks to secure a debt due from himself to another, and having failed to return to his pledgor such stocks when his liability for the pledgor had ceased, it was held that he was not thereby guilty of a fraudulent creation of his debt to the pledgor, and that it had not been incurred in a fiduciary capacity, so as to bar his discharge under the thirty-third section of the bankrupt act. Many of the cases bearing upon the subject are cited by Mr. Justice Bradley, who delivered the opinion of the court, and it is unnecessary to comment upon them here. He referred to the case of *Neal* v. *Clark,* 95 U. S. 704, where Mr. Justice Harlan, in delivering the opinion of the court, said: " Such association justifies, if it does not imperatively require, the conclusion that the 'fraud' referred to in that section (33) means positive fraud, or fraud in fact, involving moral turpitude or intentional wrong, as does embezzlement; and not implied fraud, or fraud in law, which may exist without the imputation of bad faith or immorality. Such a construction of the statute is consonant with equity, and consistent with the object and intention of Congress in enacting a general law by which the honest citizen may be relieved from the burden of hopeless insolvency. A different construction would be inconsistent with the liberal spirit which pervades the entire bankrupt system."

The *Hennequin case* was held to be governed by the principle announced in the case of *Neal* v. *Clark,* and the discharge was held effective.

In *Strang* v. *Bradner*, 114 U. S. 555, the rule as to the kind of fraud intended to be exempted from discharge by the bankrupt act was again adverted to, and it was again said that it was positive fraud or fraud in fact, involving moral turpitude or intentional wrong; not implied fraud which may exist without bad-faith. In that case certain false and fraudulent misrepresentations of fact were made by one member of a partnership firm, by reason of which the debt was created, and it was held that it was a debt of that character which was not discharged under the bankrupt act, and the innocent members of the firm were liable upon the debt created by the fraudulent misrepresentations of another member of the firm.

Also in *Ames* v. *Moir*, 138 U. S. 306, 312, it was said: "If Ames made his call, with the knowledge that he was insolvent, and with the purpose of getting possession of the wines and shipping them out of the State without paying for them according to the terms of the executory agreement of June 9, and received them with that preconceived intent—and there was evidence that justified the jury in so finding—he was guilty of fraud in fact, involving moral turpitude or intentional wrong, and is not protected against the claim of the plaintiffs by his discharge in bankruptcy."

Within this rule, as maintained by the court, there can be no doubt that the defendant below was not discharged under the bankrupt act. A representation as to a fact, made knowingly, falsely and fraudulently for the purpose of obtaining money from another, and by means of which such money is obtained, creates a debt by means of a fraud involving moral turpitude and intentional wrong. It is not necessary to enlarge upon the subject. It is so plainly a fraud of that description that its mere statement obtains our ready assent.

The courts below were, therefore, right in denying to the defendant any benefit by reason of his discharge in bankruptcy. The judgment of the Supreme Court of the State of Illinois is right, and must, therefore, be

*Affirmed.*