## MACKEL v. ROCHESTER.

### (District Court, D. Montana. March 13, 1905.)

### No. 13.

1. BANKRUPTCY—STAY OF PENDING SUITS—ACTION BASED ON FRAUD.

A bankrupt is not entitled to a stay of a pending suit against him, which is based upon his alleged fraud, although the plaintiff in his complaint has waived the tort and sued upon an implied contract; the claim sued on being one from which, if sustained, a discharge would not be a release.

2. SAME—DISCHARGE—DEBTS NOT DISCHARGED.

The liability of a bankrupt to the trustee of another bankrupt under Bankr. Act July 1, 1898, c. 541, § 70e, 30 Stat. 566 [U. S. Comp. St. 1901, p. 3452], for the value of property transferred to him by the latter while insolvent, in fraud of his creditors, is one based upon his own fraud, from which he is not released by a discharge under section 17a(2), as amended in 1903, 32 Stat. 798 [U. S. Comp. St. Supp. 1903, p. 411].

At Law. On motion for stay of proceedings.

John A. Shelton, for plaintiff.
M. P. Gilchrist, for defendant.

HUNT, District Judge. On April 3, 1899, the plaintiff, as trustee in bankruptcy of the estate of F. A. Bartlett, a bankrupt, brought this action in this court against the defendant, Rochester, to recover judgment for $8,563 and interest. Plaintiff alleges that on February 4, 1899, the said Bartlett then being insolvent and having been insolvent for a long time prior thereto, and then contemplating the filing of a petition in bankruptcy, fraudulently sold and transferred to the defendant, Rochester, a large stock of merchandise, which was all the property owned by Bartlett not exempt from execution; that thereupon the said defendant, Rochester, took possession of the said stock, and converted the same to his own use, and that the value of same is in excess of the sum of $8,563; that the said pretended conveyance was made with the intent and purpose upon the part of Bartlett willfully to delay and defraud his creditors, and that the defendant, Rochester, at the time of the said pretended conveyance, knew and had cause to believe that the said pretended conveyance was so made by the said Bartlett with such intent, and that the said

defendant, Rochester, did not pay a fair compensation for the stock, and he knew and had reasonable cause to believe that the said Bartlett was insolvent; that, since the defendant took possession of the stock as aforesaid, he has sold and disposed of the same, and has received a sum in excess of $8,563 therefor. The complaint then continues: "And plaintiff, now waiving the tort, alleges that the defendant is indebted to him on account of the goods, wares, and merchandise sold and delivered as aforesaid, converted by the said defendant, in the sum of $8,563." The defendant admits the bankruptcy of Bartlett, and admits the sale to him by Bartlett, but denies that the value of the stock exceeded the sum of $6,344; denies the allegations of intent to hinder, delay, and defraud creditors; admits that he sold and disposed of part of the stock, but denies that he received more than $6,344, which was a present fair consideration of the property so purchased.

This cause has been tried five times in this court, and has been appealed once to the Circuit Court of Appeals. 102 Fed. 314, 42 C. C. A. 427 (decided May 14, 1900). At the call of the trial calendar at this term, the cause was set for trial on March 17. On February 27th, Rochester, the defendant, filed a motion for an order vacating the order for trial on March 17th, and for a stay, upon the following grounds: First. That on October 15, 1904, he (Rochester) was adjudged a bankrupt in this court; that 12 months have not elapsed since the date of said adjudication; that this defendant has not yet filed his petition for discharge; that said petition has not been dismissed; that the question of his discharge has not been determined. Second. That the alleged claim upon which the action is founded would be released by a discharge in bankruptcy. Third. That this action was pending at the time that this petition was filed in bankruptcy. Fourth. That the action being founded upon a claim from which a discharge would be a release, defendant is entitled to a stay pending the result of the determination of the question of the discharge of the bankrupt.

The trustee had a choice of remedies—that is, a right to sue either in tort or in assumpsit—but by express waiver of the tort he has waived any damages for the conversion, and must rely upon a recovery for the value of the property converted. Am. & Eng. Ency. Law, vol. 15, p. 1111. A debt of a bankrupt may be proved and allowed against his estate, which is founded upon an open account, or upon a contract, express or implied. Section 63a of the Bankrupt Act (Act July 1, 1898, c. 541, 30 Stat. 562 [U. S. Comp. St. 1901, p. 3447]). Formerly it was held that the operation of a discharge in bankruptcy was determined by the election of the creditor to sue in assumpsit or in case. But the Supreme Court, in the case of Crawford v. Burke, 195 U. S. 176, 25 Sup. Ct. 9, 49 L. Ed. ——, decided that section 63a, defining provable debts, must be read in connection with section 17 (30 Stat. 550, 551 [U. S. Comp. St. 1901, p. 3428]), limiting the operation of discharges in which the provable character of claims for fraud in general is recognized, by excepting from discharge claims for fraud which have been reduced to judgment, or which were committed by

the bankrupt while acting as an officer or in a fiduciary capacity. The amendment of 1903 to section 17 (32 Stat. 798 [U. S. Comp. St. Supp. 1903, p. 411]), changed the nature of the debts included within the exceptions, by providing that a discharge in bankruptcy shall release the bankrupt from all his provable debts except such as "(2) are liabilities for obtaining property by false pretenses or false representations, * * * or (4) were created by his fraud, embezzlement or defalcation while acting as an officer." The difference, proper to be noticed in the present case, between the law as it stood prior to 1903 and as it is at present, rests in this: Before the amendment of 1903 the bankrupt was released from all provable debts except claims in actions for fraud or for obtaining property by false pretenses or false representations, which had been reduced to judgment, while now the exception includes liabilities for obtaining property under false pretenses or false representations; that is to say, before the present statute a bankrupt might have been released unless a provable debt for fraud, as specified in subdivision 2, was in judgment, while now he will not be released if the claim is merely upon a liability for fraud in obtaining property by false pretenses or false representations, whether or not such liability is reduced to judgment. The Supreme Court has also decided that if a debt originates or is founded upon an open account, or upon a contract, express or implied, it is none the less provable, though the creditor may elect to bring his action in trover as for a fraudulent conversion, instead of in assumpsit for the balance due upon an open account.

"It certainly could not have been the intention of Congress to extend the operation of the discharge under section 17 to debts that were not provable under section 63a. It results from the construction that we have given the latter section that all debts originating upon an open account, or upon a contract, express or implied, are provable, though the plaintiff elect to bring his action for fraud." Crawford v. Burke, supra. That case, however, was one where the debt originated upon an open account or upon a contract, yet where an action in trover was instituted to recover damages for the willful and fraudulent conversion of certain reversionary interests of the plaintiff in shares of stock belonging to him; and upon that premise the court held that, although the plaintiff might have sued in an action on contract, yet his election to sue in tort did not deprive his debt of its provable character, and that therefore the plaintiff's claim against the defendant was discharged by the proceedings in bankruptcy. In Ames v. Moir, 138 U. S. 306, 11 Sup. Ct. 311, 34 L. Ed. 951, it was decided that fraud under the bankruptcy act, defining debts from which the bankrupt could not be relieved by a discharge in bankruptcy, means positive fraud or fraud in fact, involving moral turpitude or intentional wrong. In that case Moir sued Ames to recover the value of certain wines taken. Ames pleaded that he was discharged by the District Court of the United States, sitting in bankruptcy, from all debts and claims which by act of Congress might have been proved against his estate on the day when the petition for adjudication was filed against him, except-

ing such debts, if any, as were not by said act excepted from the operation of the discharge in bankruptcy. The case was tried upon the question of whether or not the claim or debt was created by fraud. The Supreme Court reviewed the evidence, and sustained the judgment; the court finding that the defendant was guilty of fraud in fact, and was not protected against the claim of the plaintiff by his discharge under the bankruptcy act. In Forsyth v. Vehmeyer, 177 U. S. 177, 20 Sup. Ct. 623, 44 L. Ed. 723, an action was brought against Forsyth in the state court of Illinois upon a judgment in favor of Vehmeyer, which he had recovered against Forsyth. To the declaration in the action upon this judgment the defendant pleaded a discharge in bankruptcy under the bankrupt act of 1867. Plaintiff replied to that plea that the debt mentioned in the judgment was created by fraud, and therefore was not discharged under the bankruptcy act. The original judgment was in favor of the plaintiff. The court, by Justice Peckham, held that, unless the judgment was recovered upon a debt created by fraud, the defendant's discharge in bankruptcy was a bar. It was contended that the original judgment was not recoverable in an action for fraud and deceit, and, even if it were, that the fraud proven was not that kind of fraud which was debarred from a discharge in bankruptcy. After reiterating the rule that the fraud complained of must be fraud in fact, involving moral turpitude or intended wrong, the court said:

"Within this rule as maintained by the court, there can be no doubt that the defendant below was not discharged under the bankrupt act. A representation as to fact, made knowingly, falsely, and fraudulently for the purpose of obtaining money from another, and by means of which such money is obtained, creates a debt by means of a fraud involving moral turpitude and intentional wrong. It is not necessary to enlarge upon the subject. It is so plainly a fraud of that description that its mere statement obtains our ready assent. The courts below were, therefore, right in denying to the defendant any benefit by reason of his discharge in bankruptcy."

The very latest consideration given by the Supreme Court to the question of release by discharge where fraud is pleaded is in the case of Bullis v. O'Beirne, 195 U. S. 606 (decided December 12, 1904) 25 Sup. Ct. 118, 49 L. Ed. ——. Bullis, having been discharged in bankruptcy which discharged provable debts, made application for the discharge and cancellation of certain judgments rendered against him in New York. The defendants in error, judgment creditors of Bullis, opposed this upon the ground that the judgments against Bullis were in an action for fraud, and were therefore not discharged under the bankrupt act. The Supreme Court of the state denied the application, and the Supreme Court of the United States affirmed this judgment. The action originally brought against Bullis charged false and fraudulent representations in respect to certain lands, and agreements concerning the same, and that certain conveyances made were false and fraudulent. The complaint further prayed for specific performance, and for injunction and for general relief. The Supreme Court commented upon the difference under the bankrupt law of 1867, which provided that no debt created by fraud of the bankrupt should be discharged by proceedings in bankruptcy, and the law of 1898, wherein it was provided

that, instead of exempting debts created by fraud from the operation of the discharge, only judgments in actions for fraud should be discharged. The court still adhered to the doctrine that the fraud referred to must be positive fraud or fraud in fact, involving moral turpitude or intentional wrong, and not implied fraud, which may exist without any imputation of bad faith. But in examining into the foundation upon which a judgment rests under the act of 1898, the court said:

"We think a correct interpretation of the law does not require a close examination into the form of the action to determine whether it is technically one ex delicto or otherwise, but the real question is, was the relief granted in the judgment based upon actual, as distinguished from constructive, fraud of the bankrupt? If the judgment is thus founded, whatever the form of the action, it is the intent and purpose of the law that the bankrupt shall not be discharged from it, but shall still rest under its obligation so far as the bankrupt law is concerned."

If, therefore, it is proper for the court to look into the foundation of a judgment, whatever the form of the action may be, to the end that the intent and purpose of the law shall be fulfilled, with much greater force it would seem to be the duty of the court to overlook the technical form of action in deciding the real question whether the debt is one resting on a liability for obtaining property by false pretenses or false representations, or one created by actual fraud of the bankrupt. If the debt is such a liability, and has been created by actual fraud, the bankrupt shall not be discharged from it; but shall still rest under its obligation so far as the bankrupt law is concerned. My interpretation of this language of Justice Day is that although the trustee in this action has waived the damages for conversion, and sued for the value of the property, yet, upon the face of the complaint, the debt sued for and stated to be due was created by the actual fraud of the bankrupt in entering into an arrangement with Bartlett for the transfer, by a pretended conveyance, of all Bartlett's property, with intent wrongfully to hinder, delay, and defraud the creditors of Bartlett, and for a consideration which the defendant knew was not sufficient; he well knowing all the while that Bartlett was insolvent and contemplating bankruptcy. The courts are not precluded from inquiring into how a debt was created, although a trustee may waive the damages and rely on the conversion. Brandenburg on Bankruptcy, § 433.

It follows, therefore, that the plaintiff may maintain this action at this time, the suit not being one founded upon a provable claim, from which the discharge would be a release, and which should be stayed until after the adjudication or dismissal of the bankrupt's petition.

Motion for stay denied.