### In re SHEPARDSON.

(District Court, D. Vermont. January 4, 1915.)

#### No. 2854.

1. BANKRUPTCY ⬳426—DISCHARGEABLE DEBTS—"FRAUD."

The word "fraud," as used in Bankr. Act July 1, 1898, c. 541, § 17 (2), 30 Stat. 550 (Comp. St. 1913, § 9601), providing that debts created by fraud shall not be dischargeable in bankruptcy, means fraud in fact, involving moral turpitude or intentional wrong, and not implied fraud, or fraud in law, existing without the imputation of bad faith or immorality.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 787, 791–807; Dec. Dig. ⬳426.

For other definitions, see Words and Phrases, First and Second Series, Fraud.]

⬳For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

2. BANKRUPTCY ⊚⇒423—CONCLUSIVENESS—GIST OF ACTION—FRAUD.

A judgment for plaintiff in an action for deceit is conclusive on defendant that the judgment is based on fraud, and therefore not dischargeable in bankruptcy.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 818; Dec. Dig. ⊚⇒423.]

3. BANKRUPTCY ⊚⇒423—DEBTS DISCHARGED—JUDGMENT FOR DECEIT.

A judgment recovered against a bankrupt for deceit in the sale of a farm is a debt arising out of a bankrupt's active fraud, and is therefore not dischargeable in bankruptcy.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 818; Dec. Dig. ⊚⇒423.]

4. BANKRUPTCY ⊚⇒50—DISMISSAL—GROUNDS—NONDISCHARGEABLE DEBT.

Where a voluntary bankruptcy proceeding was instituted in order that the bankrupt might obtain a discharge from a nondischargeable debt, the court had jurisdiction to dismiss the proceeding, instead of denying a discharge.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. ⊚⇒50.]

In the matter of bankruptcy proceedings of George W. Shepardson. On motion to dismiss. Granted.

C. S. Chase and W. R. Daley, both of Brattleboro, Vt., for creditor. Frank E. Barber, of Brattleboro, Vt., for bankrupt.

MARTIN, District Judge. George W. Shepardson filed a voluntary petition and scheduled but one debt, viz., a judgment to E. E. Rowley and wife for $1,528.36. Adjudication followed. The creditor moved to dismiss the petition on the ground that the only debt scheduled would not be affected by bankruptcy proceedings, and, pending the hearing on said motion, the bankrupt petitioned for discharge. Both questions were heard by me and evidence submitted.

I find that the Rowley judgment was the bankrupt's sole indebtedness, and his purpose in filing his petition in bankruptcy was to avoid the payment of that judgment. The records of the Rowley Case in the state court were put in evidence on the hearing before me, and they show that E. E. Rowley and wife brought an action against the bankrupt, alleging deceit in the sale of a farm to them by the bankrupt, and that said deceit was the gist and gravamen of the action. That case was tried by a common-law jury and resulted in a verdict for the plaintiff. Judgment was rendered on the verdict and a close jail certificate ordered by the court, on the ground that the cause of action arose from a willful and malicious act of the defendant (this bankrupt) and that he ought to be confined in close jail.

[1] The provisions of the Bankruptcy Act as to debts not affected by discharge, as set forth in section 17 (2), were construed by the United States Supreme Court in Neal v. Clark, 95 U. S. 704, 24 L. Ed. 586. Justice Harlan, speaking for the court, used this language:

" 'Fraud,' referred to in that section, means positive fraud, or fraud in fact, involving moral turpitude or intentional wrong; * * * not implied fraud, or fraud in law, which may exist without the imputation of bad faith or immorality. Such a construction of the statute is consonant with equity, and consistent with the object and intention of Congress in enacting a general law by which the honest citizen may be relieved from the burden

⊚⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

of hopeless insolvency. A different construction would be inconsistent with the liberal spirit which pervades the entire bankrupt system."

[2] In Forsyth v. Vehmeyer, 177 U. S. 177, 20 Sup. Ct. 623, 44 L. Ed. 723, the question arose as to the effect of a discharge in bankruptcy upon a judgment obtained in a state court, in which the declaration charged that the defendant (the bankrupt) obtained money through false representation. Justice Peckham delivered the opinion. He discussed the Neal Case with approval, especially as to the distinction between active and constructive fraud. In further discussion of the law and facts of that case he used this language:

"Where the state court has decided that the action was for fraud and deceit, and has held that, in order to have maintained such action the fraud must have been proved as laid in the declaration, it must be assumed that the verdict and judgment in that action were obtained only upon proof and a finding by the jury of the fact of fraud. Judgment being entered after a trial upon such pleadings and upon a verdict of guilty, the question of fraud was not open for a second litigation upon the trial of this action. The defendant below in this action had full opportunity given him to prove what in fact was the declaration in and the character of the first action, and the findings of the court below in favor of the plaintiff must be regarded as a finding against the defendant upon the issue as to the character of that action. * * * The existence of fraud must therefore be assumed in the further progress of the case. The only matter left for this court to decide is whether a debt created by means of a fraud, such as is set forth in the declaration, is exempt from the effect of a discharge in bankruptcy. The proper construction of the section of the act relating to such a discharge has been frequently before this court, and we regard the law upon the subject as quite well settled."

[3] The decision of the Supreme Court in that case is that deceit is active fraud, and that resulting damages are not affected by proceedings in bankruptcy. Further citations are unnecessary. In the case at bar, I hold that a discharge would not affect the Rowley judgment.

[4] Should a petition in bankruptcy be dismissed, or a discharge denied, because the bankrupt was owing no debt which would be barred by a discharge? It was held in the affirmative in Re Maples (D. C.) 5 Am. Bankr. Rep. 426, 105 Fed. 919; Re Yates (D. C.) 8 Am. Bankr. Rep. 69, 114 Fed. 365; Re Colaluca (D. C.) 13 Am. Bankr. Rep. 292, 133 Fed. 255. Under the facts as above set forth I have no doubt of the discretionary power of the court to either dismiss the bankruptcy proceedings or deny the petition for discharge. True it is that the court may decline to pass upon the nature of the liabilities scheduled, but to my mind, where it affirmatively appears that a discharge can affect but one claim, and that claim has been adjudicated by a state court to be based upon and growing out of deceit and false representation, the court ought to exercise its discretionary power to dismiss such cases or refuse the bankrupt's petition for discharge. To my mind, a dismissal is the more appropriate.

Let the cause be dismissed.