STONE v. BURNS et al. (No. 5974.)

(Court of Civil Appeals of Texas. San Antonio. Feb. 13, 1918.)

1. LIMITATION OF ACTIONS ⟨⟩100(11) — FRAUD—DILIGENCE IN DISCOVERING.

Where in negotiations for the purchase of land the purchaser requested that the vendors have the land surveyed, and the vendors assured him that the tract contained 326 acres, that a former owner had recently had it surveyed, and that one of the vendors had stepped the lines, and they were positive that it contained such acreage, the statute did not run against an action for fraud until there was some circumstance or fact to arouse the purchaser's suspicion that there was a shortage, as he was justified in acting upon the vendors' representations, and was not required to have a survey made in order to detect the falsehood.

2. FRAUD ⊚⇒38 — ACTIONS FOR FRAUD — LACHES.

Where the purchaser did not discover that there was a shortage for over four years and until after he moved on the land and began to clear it, such delay in bringing an action for the fraud did not constitute laches.

Appeal from District Court, Dimmit County; J. F. Mullaly, Judge.

Action by W. R. Stone against C. C. Burns and others. Judgment for defendants, and plaintiff brings error. Reversed and remanded.

B. G. Neighbors, of San Marcos, and J. O. Rouse, of Carrizo Springs, for plaintiff in error. L. H. Browne, of San Antonio, for defendants in error.

FLY, C. J. This is a suit by plaintiff in error against defendants in error, hereinafter styled plaintiff and defendants respectively, to recover $2,262 as damages for a shortage of 55.8 acres in a tract of 326 acres of land sold to plaintiff by defendants. It was alleged that the land was sold to plaintiff by the acre for the sum of $40 an acre, on September 13, 1909; that the land is situated in Dimmit county, and plaintiff lived at a distance from it in Hays county, and continued to live there until about February 20, 1913, at which time he moved upon the land. He further alleged that he did not ascertain the shortage in the land until the month of August, 1913, when he began to clear the land to cultivate it; that it was densely covered with brush and prickly pear; that defendants had represented that the land had been surveyed and contained 326 acres of land, and plaintiff had relied upon the statement; that the representations were falsely and fraudulently made with full knowledge of the shortage; that at the time plaintiff was negotiating for the land he requested defendants to have the land surveyed, but they assured him that the tract contained 326 acres, that Wallace, their vendor, had recently had the land surveyed, and that Burns, one of the defendants, had stepped the lines, and that they were positive that the tract contained 326 acres of land, and that the tract was one-half a mile wide and one mile long, being a half section, the north and south lines running parallel, when in truth and in fact the lines were not parallel.

[1, 2] We are of the opinion that the petition states a cause of action, and that the demurrers were improperly sustained, and that such action of the court was fundamental error. There was nothing to arouse suspicion, and plaintiff acted upon the theory upon which business confidence and commercial affairs are founded, namely, confidence in the honor and integrity of mankind. To the civilized man agreements are not "mere scraps of paper" to be trampled upon when necessity or desire may prompt, but the business world proceeds upon the theory that men are honest and truthful, and we are justified in acting upon that theory. The great Psalmist would not deliberately brand all men with dishonesty, for he asserted: "I said in my haste, 'All men are liars.'" It is only when there is some circumstance or fact to arouse suspicion that action is called for and the running of the statute would start from that time. Isaacks v. Wright, 50 Tex. Civ. App. 312, 110 S. W. 970; Smalley v. Vogt, 166 S. W. 1; Swearingen v. Swearingen, 193 S. W. 442.

If the allegations of the petition are true, plaintiff was justified in acting upon the representations of defendants as to the quantity of land, and it was not incumbent upon him to have a survey of the land made in order to detect the falsehood and deceit of defendants in error. He acted as any ordinarily prudent man might have acted, and his allegations do not disclose laches on his part. The petition shows a cause of action.

The judgment is reversed, and the cause remanded.

