## YOUNG v. CITY NAT. BANK OF GALVESTON. (No. 7830.)

(Court of Civil Appeals of Texas. Galveston. May 12, 1920.)

1. Judgment ⬤⟳412 — Equity may relieve against default on amendment to complaint not served.

A default judgment may be attacked by a direct bill for the reason that it was rendered on an amendment to the complaint which stated a new cause of action and which was never served on defendant.

2. Pleading ⬤⟳248(2) — Amendment stating different case or permitting severer judgment states "new cause of action."

A new cause of action is one materially different from, or in addition to, that stated in the original pleading, or such as permits a more onerous judgment against defendant than could have been rendered against him on the original pleading.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, New Cause of Action.]

3. Process ⬤⟳6—Defendant entitled to service on amendment stating new cause of action.

A defendant properly served with citation and original petition and in default is entitled to service of process upon an amendment which states a new cause of action against him.

4. Pleading ⬤⟳248(2)—Amendment to petition for simple debt which stated conversion of funds is new cause.

Where the original petition stated a cause of action for simple debt against defendant, an amendment alleging that the debt arose by reason of larcenous conversion of funds by defendant states a new cause of action.

5. Bankruptcy ⬤⟳423(2)—Judgment for larcenous conversion of the funds of a bank is not released by a discharge in bankruptcy.

Under Bankruptcy Act, § 17a2 (U. S. Comp. St. § 9601), excepting from release liabilities for obtaining property by false pretenses or for willful and malicious injury, a judgment for funds larcenously converted from a bank is not released by a discharge.

6. Bankruptcy ⬤⟳436(3) — Recital in judgment that it arose from fraud is conclusive.

A recital in a judgment rendered by a state court that the debt for which it was rendered is a liability arising out of fraud is conclusive, if based on pleading to that effect, that it is not released by discharge in bankruptcy.

7. Judgment ⬤⟳456(2)—Direct attack on a judgment not barred by laches before knowledge thereof.

A delay of four years in filing a bill making a direct attack on a default judgment rendered on an amended petition stating a new cause of action is not barred by laches if it was filed within one year after the judgment debtor first learned of the terms of the judgment.

8. Limitation of actions ⬤⟳105(1)—Cause not barred where judgment is set aside on direct attack.

A cause of action is not barred by the statute of limitations where a judgment had been rendered thereon which is later set aside on direct attack because rendered on an amended petition stating a new cause of action which was not served on defendant, since the suit to recover on such cause of action is left still pending, and the filing of the suit originally stopped the running of limitations.

Appeal from District Court, Galveston County; Robt. G. Street, Judge.

Action by E. H. Young against the City National Bank of Galveston to set aside a judgment. From a judgment sustaining demurrer and exceptions to the bill and dismissing the suit, plaintiff appeals. Reversed and remanded.

Muse & Muse, of Dallas, for appellant.
James B. & Charles J. Stubbs, of Galveston, for appellee.

GRAVES, J. After a careful reconsideration of this case, the motion for rehearing has been overruled, but on account of some inaccuracies appearing in it the original opinion heretofore filed is withdrawn, and this one is now entered in lieu thereof:

Appellant brought in the same court this direct proceeding against appellee, attacking as wholly void, or, if not, as carrying an infirmity entitling him to at least some of the relief he asked, a judgment the bank had recovered against him five years before in the Fifty-Sixth district court of Galveston county for $159,434.50.

His complaint was that the judgment had been rendered against him upon an amended petition of the bank, which he claimed declared upon a new and different cause of action than that he had been summoned to answer under its original petition in the cause, and that in the interim between the filing of the two petitions he had become a nonresident of Texas, was never cited to answer the amendment, never appeared in re-

sponse thereto nor waived service thereof, and never had notice or knowledge that it had been filed, or that the judgment had been rendered upon it, until less than one year before the filing of this suit seeking re‐ lief against it.

He attached to his bill in this proceeding full copies of the bank's two petitions in the former cause, as well as of the citation is‐ sued on the original one of them, service up‐ on which he admitted having received at the time, and of the court's judgment. These proceedings showed:

That the original petition filed January 24, 1912, of which he admitted having notice, after averring the residence of both parties to be in Galveston county, continued:

"That heretofore, on, to wit, the 31st day of July, 1911, and on various days prior there‐ to, defendant became indebted to the Galves‐ ton National Bank in the sum of $159,434.50, the balance of the account hereto annexed, marked Exhibit A and referred to as a part hereof.

"That on or about said date' the Galveston National Bank assigned and transferred said claim and debt to the City National Bank of Galveston, which is now the holder and owner of said claim, whereby defendant became liable and promised to pay plaintiff the sum of $159,‐ 434.50."

An itemized debit and credit statement of the account totaling the amount claimed was appended.

The amended petition, filed December 7, 1912, but about which he so alleged he never knew, after like introductory recitations, pro‐ ceeded as follows:

"That heretofore, to wit, on the 31st day of July, A. D. 1911, and on various days prior thereto, defendant became indebted to the Gal‐ veston National Bank in the sum of $159,434.‐ 50, the balance of the account hereto attached, marked Exhibit A, and referred to as a part hereof.

"That the Galveston National Bank was a na‐ tional banking corporation and under the na‐ tional banking laws.

"That defendant was not lawfully entitled to draw the amount of the indebtedness sued for, and said amount was drawn and procured un‐ lawfully and by fraud and misapplication of the funds and credits and property of said bank and the proceeds thereof.

"That on or about July 31, 1911, the Galves‐ ton National Bank assigned and transferred said claim and debt and all of its rights and remedies thereunder to plaintiff herein, and plaintiff is the owner and holder of said claim and debt and all rights and remedies thereto.

"Whereby defendant became liable and prom‐ ised to pay plaintiff the sum of $159,434.50, together with interest thereon, but to pay the same or any part thereof defendant has wholly failed, to plaintiff's damage in said sum."

The exhibit mentioned, however, in this instance was omitted.

The court's judgment, of date February 8,

1913, entered upon and pursuant to this new statement of the character of the indebted‐ ness declared upon, in so far as material, ran to this effect:

"On this day came on to be heard the trial of the above cause, and plaintiff being repre‐ sented by counsel. and defendant, though duly served with citation, having failed to appear and answer herein, wholly made default, and plaintiff having announced ready for trial, the cause proceeded, and the pleadings and proof having been heard and fully considered, and it appearing to the court that the defendant, E. H. Young, is indebted to the City National Bank of Galveston in the sum of $159,434.50, which sum plaintiff is entitled to recover from defendant, and it further appearing that said indebtedness was procured unlawfully and by misapplication of funds, credit, and property of the Galveston National Bank, and that said indebtedness, together with all the rights of the Galveston National Bank, were transferred to the plaintiff, the City National Bank of Gal‐ veston:

. "Now, therefore, it is ordered, adjudged, and decreed that the City National Bank of Galveston, plaintiff herein, do have and recov‐ er of and from the said E. H. Young, defend‐ ant herein, the sum of $159,434.50."

Upon a hearing on this bill so presented after it had been amended, the court below sustained a general demurrer and special exceptions interposed by the appellee bank, and dismissed the suit. This appeal is pre‐ sented from that action.

[1] As is noted from its quoted terms, the complained-of judgment is regular in form and purports to have been rendered by de‐ fault after due service of citation. It is therefore not absolutely void upon its face, nor subject to collateral attack. Carpenter v. Anderson, 33 Tex. Civ. App. 491, 77 S. W. 293, and cited authorities. Still in a direct attack, as this one was, the fact as to notice of the real cause of action to, and of conse‐ quent jurisdiction over the person of, a de‐ fendant may be inquired into. If found not to exist, the lack of power in the court to have rendered judgment against him is there‐ by made apparent.

So that, since this was a straight assault upon the former judgment, under affirmative allegation that no service or notice was had on the amended cause of action upon which it was rendered, which averment, under the court's action in sustaining the demurrers. must be taken as true, the only remaining question of substance here is: Was or not the appellant entitled to service on or notice of the amendment it is thus admitted he did not get?

This was indeed the issue raised by the bank's demurrers below, under which it con‐ tended: First, that its amended petition did not set up a new cause of action, but merely a more particular statement of the origin of and the means employed in the incurment of the indebtedness sued for; and, second, that

342 SOUTHWESTERN REPORTER (Tex.

appellant did not show himself entitled to any relief, in that he had not pleaded any equitable defense against the bank's claim, nor offered complaint of any kind against its judgment until more than four years after the rendition thereof, and was therefore shut off by his own laches and the four-year statute of limitation, which it invoked.

The trial court's judgment followed upon an adoption of this view, but we are unable to affirm it.

[2, 3] A new cause of action in our jurisprudence is one materially different from, or in addition to, that first advanced, or such as permits a more onerous judgment against a defendant than could before have been rendered against him. That service of process upon what is in reality that kind of a declaration is necessary to give validity to a judgment upon it has been by our courts uniformly held. Rabb v. Rogers, 67 Tex. 335, 3 S. W. 303, 304; De Walt v. Snow, 25 Tex. 320, 332; Tyson v. Bank, 154 S. W. 1056; Goggan v. Morrison, 163 S. W. 123; Railway Co. v. Hale, 196 S. W. 904, 905; De Berry v. Chambers, 200 S. W. 1142; Swearingen v. Swearingen, 193 S. W. 444; Lumber Co. v. Houston Water Co., 94 Tex. 462, 61 S. W. 709; Baker v. Railway Co., 37 Tex. Civ. App. 356, 84 S. W. 257; Lumber Co. v. Railway Co., 164 S. W. 402; Boyd v. Beeville, 91 Tex. 439, 44 S. W. 287.

[4] When the amendment here involved is compared with the original pleading, it at once becomes apparent that it not only presents for the first time substantially different matter, but such as both permitted and had for its evident objective the procurement of a much more burdensome judgment against the defendant than would have been properly obtainable under the first petition. Originally the suit against him was a simple action for debt, while under the amendment it was in effect a cause of action founded upon a liability alleged to have arisen out of his willful and malicious injury to, or his larcenous conversion of, the bank's property within the scope and meaning of paragraph 2, § 17 (a) of the amended federal Bankruptcy Act. See volume 5, U. S. Statutes Annotated. p. 148, § 17 (U. S. Comp. St. § 9601). Indeed, before the bar of this court during oral argument upon the cause, counsel for the bank frankly stated that the purpose of the amendment had been to bring the action within the purview of the Bankruptcy Law so as to prevent the defendant, in event of a recovery against him, from thereafter obtaining a release from it through a discharge in bankruptcy. That this objective was attained in that the resultant judgment so grounded may not be relieved against by a discharge in bankruptcy, thereby depriving appellant of the benefits of that act, is not only averred in his bill in this proceeding, but seems to be in accord with the holdings of the federal courts in construing section 17 (a) of that law as amended February 5, 1903.

[5] The material part of the amended provision referred to is this:

"A discharge in bankruptcy shall release a bankrupt from all of his provable debts, except such as: * * * (2) Are liabilities for obtaining property by false pretenses or false representations, or for willful and malicious injuries to the person or property of another," etc.

In the case of In re Arnao (D. C.) 210 Fed. 395, the court, after quoting with approval a similar declaration from Kavanaugh v. McIntyre, 128 App. Div. 722, 112 N. Y. Supp. 987, holds that a conversion of money, which is practically larcenous in its motive, is a willful and malicious injury to the property of another within the meaning of this quoted clause of the bankrupt law, and that judgment recovered therefor is not released by a discharge; and so here, if the indebtedness of appellant "was procured unlawfully and by misapplication of funds, credit and property" of the bank, it cannot be doubted that his taking the money and incurring the obligation for it under those circumstances amounted to nothing short of a larcenous conversion of it to his own use and benefit.

[6] Furthermore, the state court's judgment to that effect, where the issue was necessary to the decision and based on pleading, is conclusive that the debt is a liability arising out of fraud, and therefore is not dischargeable in bankruptcy. Forsyth v. Vehmeyer, 177 U. S. 177, 20 Sup. Ct. 623, 44 L. Ed. 723; In re Shepardson (D. C.) 220 Fed. 186.

Appellant's denial in this suit that he was guilty of any such fraud and his assertion that he could have successfully defended against it, if opportunity had been given him, did not change the legal effect of this former adjudication against him.

We therefore conclude that the amendment in question did constitute a new cause of action, as those terms are understood and applied by the courts of Texas, and that the failure to give appellant notice of it deprived him of a material and valuable right.

[7] Nor did limitation or supposed laches upon his part stand in the way of its assertion when presented, despite the lapse of more than four years' time, if, as he avers, during all of that period he was without notice or knowledge that it had ever been filed, or that an adjudication had been made upon it. Harrell v. Mexican Cattle Co., 73 Tex. 612, 615, 616, 11 S. W. 863; Stone v. Burns, 200 S. W. 1121; Isaacks v. Wright, 50 Tex. Civ. App. 312, 110 S. W. 970; Briggs v. McBride, 190 S. W. 1123; Young v. Barcroft, 168 S. W. 392; Smalley v. Voght, 166 S. W. 1.

[8] It follows that the judgment complained of is not binding upon appellant in manner and form as rendered, but it does not fol-

low that the bank's cause of action for its debt against him is now barred by the statutes of limitation, as his pleading asserts, for the reason that its suit to recover thereon the judgment in which is now held to be vulnerable to his attack, was pending before any limitation ran and will be left still pending, despite the invalidity, to the extent here indicated, of the judgment formerly entered therein. The filing of that suit originally stopped the running of the statute as to the indebtedness it declared upon.

Obviously, then, since this proceeding went off below on demurrer to the pleadings which we have thus concluded stated upon their face a good cause of action, the judgment herein appealed from must be reversed, and the cause so declared upon by appellant remanded to the court below for trial upon the facts.

Reversed and remanded.