## SCOTT et al. v. CORN. (No. 12156.)

Court of Civil Appeals of Texas. Fort Worth.
June 1, 1929.

Rehearing Denied June 29, 1929.

McLean, Scott & Sayers, of Fort Worth, and Ritchie & Ranspot, of Mineral Wells, for appellants.

Slay, Simon & Shannon, of Fort Worth, for appellee.

BUCK, J. Frank Corn sued Paul P. Scott and R. E. Neely, the latter district clerk of Tarrant county, in the Forty-Eighth district court of Tarrant county, to enjoin Scott from having issued any process or writs of ancillary proceedings under a certain judgment for the enforcement of the same, and enjoining and seeking to enjoin R. E. Neely, district clerk, from issuing any such process. For cause of action he alleged that heretofore, on August 13, 1924, the defendant Scott filed his original petition in the Forty-Eighth district court, alleging that T. H. Bass had,

on November 25, 1920, executed and delivered to Jesse R. Smith his negotiable promissory note in writing, payable in 90 days after date, interest at 8 per cent. and providing the usual 10 per cent. attorneys' fee; that thereafter and prior to the maturing of said note, the said Smith indorsed and delivered said note to his codefendant, Frank Corn, and prior to the maturity of said note the defendant Frank Corn, for a valuable consideration, indorsed and delivered said note to the plaintiff Paul P. Scott, whereby each and all of the defendants became bound and obligated to pay to the said Paul P. Scott said note, interest, attorney's fees, etc.; that interest was paid thereafter on said note to December 10, 1921, and on December 17, 1921, the sum of $5,000 was paid on the principal thereof, leaving due and unpaid thereon the sum of $12,-000, with interest; that, except for the payments aforesaid, the note has remained and still is wholly unpaid, though long past due, and though demand has been made of defendant for the payment thereof, same has not been paid. The usual allegations as to the employment by plaintiff of attorneys and the promise to pay said attorneys 10 per cent. of said note and accrued interest are made.

Corn alleged in his petition that the above allegations constituted the only allegations and the only cause of action stated by Paul P. Scott in said cause, and that said allegations alone constituted the basis of the judgment hereinafter set out; that thereafter, on, to wit, October 14, 1924, the defendant Paul P. Scott recovered a judgment in the Forty-Eighth district court of Tarrant county against T. H. Bass, Jesse R. Smith, and the plaintiff herein, Frank Corn, for the sum of $14,735 as principal, and $1,473.50 as attorneys' fees; that on January 24, 1925, the plaintiff Frank Corn, one of the defendants in said judgment, filed a voluntary petition in bankruptcy in the District Court of the United States for the Northern District of Texas, at Fort Worth, and he scheduled this judgment among his liabilities, and on July 17, 1925, there was issued to Frank Corn his discharge in bankruptcy; that, notwithstanding the discharge of plaintiff, the defendant Paul P. Scott has caused execution to be issued on said judgment and that recently, and after the said execution had been issued on said judgment and returned nulla bona, the said defendant, through his attorneys, caused a writ of garnishment to be issued under said judgment and to be served on one Lee Bivins, requiring him to answer what amount, if anything, he was indebted to the plaintiff; that the plaintiff is now residing in Crosbyton, in Crosby county, and is trying to accumulate property, and is trying to make a living for himself and family, and is trying to establish a credit for that purpose; that the acts of the defendant in issuing an execution on said judgment and having writs of garnishment issued and served on various parties are calculated to and does injure the credit, reputation, and standing of the plaintiff at his new home and residence, and that the same harasses and annoys plaintiff, and causes him to lose time in preventing the enforcement of such writs; that defendant and his attorneys acting for him are threatening to continue the issuance of executions and garnishments, in an effort to enforce said judgment, and that the same will injure and harass the plaintiff, and impair his credit, and bring humiliation on him, by leading the people in his community to believe that he has pending against him enforceable judgments that are unpaid and not discharged, and not subject to discharge under the bankruptcy laws. Wherefore he prayed as before indicated.

The defendant Scott's contentions, as indicated in his petition and in his briefs, are that Corn misrepresented the facts in his sale and transfer to Scott of the note in question, that he falsely and fraudulently represented to defendant that the note was given in payment of certain certificates of stock in the Guaranty State Bank of Breckenridge, and that he falsely and fraudulently represented to Scott that the said certificates of stock were at the time of the transfer detached from said note for the purpose of having them transferred on the books of the bank at Breckenridge to the purchaser, and that they would be immediately returned to plaintiff, the purchaser, and attached to said promissory note to secure payment of the same.

Defendant alleged the facts to be that said shares of stock were not being transferred at said time and were then in the possession of plaintiff, and plaintiff had no intention of delivering said stock into the possession of Paul P. Scott as he agreed and represented he would do, at said time or at any other time, and that plaintiff in fact had hypothecated said certificates of stock elsewhere to secure other indebtedness of plaintiff or had detached said stock from said note for the immediate purpose of hypothecating same elsewhere to secure other indebtedness, or to otherwise use said stock for his own benefit; that said certificates of stock were never delivered to defendant at any time; that defendants' purchase of said promissory note was directly procured by the plaintiff by means of false and fraudulent representations above set out, and, except for his reliance upon said statements and representations, and his reliance upon said collateral security, this defendant would not have purchased from plaintiff the said indebtedness as evidenced by the note.

Defendant further alleged that the manual delivery of said promissory note was made to defendant by plaintiff's agent and representative, I. N. Wynn, president of the bank at Mineral Wells; that plaintiff had di-

rected his said agent and representative to apply the proceeds of the sale of said note to the payment of plaintiff's indebtedness to said bank, he being at said time overdrawn on his account with said bank and otherwise indebted to it in large sums of money, for which reason, and for which reason alone, the check of this defendant for the sum of $17,000 given in payment for the said note was made payable to the said bank.

Defendant further alleged that, in suing on the cause of action against plaintiff, Smith, and Bass, he did not in any manner waive his right to set up and rely upon the fraud of the plaintiff perpetrated upon him, or waive his right to rely upon or to defend on the ground of the said fraud of the plaintiff in the prosecution or defense of his rights growing out of the perpetration of said fraud, and particularly did not waive his right to collect and enforce his said claim and his said indebtedness on account of said fraud, notwithstanding the alleged discharge of the plaintiff in bankruptcy.

From a judgment granting the injunction as prayed for, the defendant has appealed.

## Opinion.

Appellant's first assignment of error is: "A liability for money or other property obtained by a bankrupt from another by false pretenses and false and fraudulent representations is not released by reason of his discharge in bankruptcy."

The third assignment is: "And where such holder sues the endorsee, together with the maker and payee of the note, and obtains a joint and several judgment against them, he does not thereby preclude or estop himself from thereafter setting up fraud and false pretenses inducing the purchase from such endorsee."

Section 35, tit. 11, USCA, reads: "A discharge in bankruptcy shall release a bankrupt from all of his provable debts, except such as (first) are due as a tax levied by the United States, the State, county, district, or municipality in which he resides; (second) are liabilities for obtaining property by false pretenses or false representations, or for wilfull and malicious injuries to the person or property of another, or for alimony due or to become due, or for maintenance or support of wife or child, or for seduction of an unmarried female, or for breach of promise of marriage accompanied by seduction, or for criminal conversation; (third) have not been duly scheduled in time for proof and allowance, with the name of the creditor, if known to the bankrupt, unless such creditor had notice or actual knowledge of the proceedings in bankruptcy; or (fourth) were created by his fraud, embezzlement, misappropriation, or defalcation while acting as an officer or in any fiduciary capacity; or (fifth) are for wages due to workmen, clerks, traveling or city salesmen, or servants, which have been earned within three months before the date of commencement of the proceedings in bankruptcy; or (sixth) are due for moneys of an employee received or retained by his employer to secure the faithful performance by such employee of the terms of a contract of employment."

Section 103, tit. 11, USCA, is as follows: "Debts of the bankrupt may be proved and allowed against his estate which are (1) a fixed liability, as evidenced by a judgment * * * absolutely owing at the time of the filing of the petition against him, * * * with any interest thereon which would have been recoverable at that date."

Does a suit on a note, in which neither the pleadings nor the judgment recites any fraudulent acts of the debtor, preclude the creditor from thereafter pleading such fraud?

In 7 Corpus Juris, p. 401, it is said: "It need not appear from the judgment itself that it was based upon fraud, but it is sufficient if this can be gathered from the entire record of the case; but where the judgment recites that the cause of action was based upon an account, the judgment creditor cannot go behind the judgment and prove that the transaction out of which it arose was fraudulent, so as to avoid the effect of a discharge."

In Bunting Stone Hardware Co. v. Alexander, 190 S. W. 1152, 1153, opinion by Justice Rasbury of the Dallas Court of Civil Appeals, it is held, quoting from the headnotes: "Proof that the judgment the enforcement of which plaintiff sought to restrain was based on a note indorsed by plaintiff is sufficient to show that the debt was barred by the discharge under Bankruptcy Act July 1, 1898, c. 541, § 63 (a), 30 Stat. 562 (U. S. Comp. St. 1913, § 9647 [11 USCA § 103]), as one founded upon a contract express or implied, not one excepted from the discharge by section 17 (section 9601 [11 USCA § 35]) as one for liability for obtaining property by false pretenses, since the creditor by proceeding on the note waived any right arising in tort by reason of false pretenses."

In Ford v. Blackshear Manufacturing Co., 140 Ga. 670, 79 S. E. 576, 579, it is said: "The plaintiff's debt was provable in bankruptcy under section 63 (a) of the bankruptcy act of 1898 (30 Stat. 562, 1 Fed. Stat. Ann. Supp. 1912, p. 753 [11 USCA § 103]), and dischargeable under section 17 (a) of that act as amended by the act of 1903 (32 Stat. 798, 1 Fed. Stat. Ann. Supp. 1912, p. 753 [11 USCA § 35]; Tindle v. Birkett, 205 U. S. 183, 27 S. Ct. 493, 51 L. Ed. 762, and citations), unless it fell within one of the exceptions therein set forth. It was contended by counsel for the plaintiff that it fell within exception 4 or exception 2. The debt had no reference to fraud, etc., while Ford was 'acting as an officer or in any fiduciary capacity,' and could not be included in exception 4. Tatum v. Leigh, 136 Ga. 791

(6), 792, 72 S. E. 236, Ann. Cas. 1912D, 216. Did it fall within exception 2 of section 17 (a) of the act as amended? Before amendment that provision of the act excepted provable debts, except judgments in actions for fraud or obtaining property by false representations or false pretenses. This contemplated judgments based on no less than actual fraud. Moody v. Muscogee Mfg. Co., 134 Ga. 721 (4), 733, 68 S. E. 604, 20 Ann. Cas. 301; Forsyth v. Vehmeyer, 177 U. S. 177, 20 S. Ct. 623, 44 L. Ed. 723. In the latter case it was held: A representation as to a fact, made knowingly, falsely, and fraudulently, for the purpose of obtaining money from another, and by means of which such money is obtained, creates a debt by means of a fraud involving moral turpitude and intentional wrong, and such debt is not discharged by a discharge in bankruptcy.' The case before the court was a suit upon a judgment. The state court had ruled that the action was for the tort; and in rendering the decision the Supreme Court declared: 'Where the state court has decided that the action was for fraud and deceit, and has held that in order to have maintained such action the fraud must have been proved as laid in the declaration, it must be assumed that the verdict and judgment in that action were obtained only upon proof and a finding by the jury of the fact of the fraud.' In Tindle v. Birkett, supra, it was held: 'Where a claim is founded upon an open account or upon a contract, express or implied, and can be proved under section 63 (a) of the bankruptcy act, if the claimant chooses to waive the tort and take his place with the other creditors, the claim is one provable under the act and barred by the discharge.' Since the amendment of 1903 it has been held that: 'Proof of a claim in bankruptcy as one upon contract, and participation in the distribution arising from a composition with creditors, is not a bar to an action for deceit in obtaining on credit, by false reports to a commercial agency, the goods, the price of which formed the basis of such claims.' Friend v. Talcott, 228 U. S. 27, 33 S. Ct. 505, 57 L. Ed. 718. These cases, and many others which might be cited, in determining whether a debt falls within the exceptions enumerated in section 17 (a) generally consider whether the action was for tort or on the contract. On general principles, where transactions partake of the nature both of tort and of contract, the party injured may waive the tort and sue on the contract. In Tindle v. Birkett, supra, where the injured person sued on the contract rather than on the tort, it was held that the judgment rendered in such case was not for the fraud, and did not fall within one of the exceptions. The amendment of 1903 was in the interest of creditors; it displaced the words, 'judgments in actions for fraud or,' and substituted the words, 'liabilities for.' The exception before amendment discharged the bankrupt from all his provable debts except such as 'are judgments in actions for fraud or obtaining property by false representations, or for willful and malicious injuries to the person or property of another.' After amendment it discharged the bankrupt from all provable debts except such as 'are liabilities for obtaining property by false pretenses or false representations, or for willful and malicious injuries to the person or property of another, or for alimony due or to become due, or for maintenance or support of wife or child, or for seduction of an unmarried female, or for criminal conversation.' Under the amendment, in order to bring existing debts within the exception which would prevent it from being discharged, it was no longer necessary that it should be a judgment for fraud, but it would fall within the exception if it were a liability for obtaining property under false pretenses and false representations, which in law would amount to actual fraud. The plaintiff's judgment is founded on contract. Where, instead of enforcing the liability based on fraud, the creditor still insists on enforcing a judgment on the contract as to after-acquired property, the debtor's discharge in bankruptcy is effective."

See Chambers v. Kirk, 41 Okl. 696, 139 P. 986; In re Ennis & Stoppani (D. C.) 171 F. 755; In re Lusch (D. C.) 251 F. 316.

It was said, in the case of Sanger Bros. v. Barrett, 221 S. W. 1087, by the Amarillo Court of Civil Appeals, that, if the plaintiff seeks to enforce a liability on contract and not for deceit in obtaining money by fraud, the discharge from bankruptcy is available to the defendant and may be pleaded in bar of the suit.

The authorities seem to us to be conclusive on the proposition that the appellant cannot now set up that the grounds for the judgment sought to be enjoined was the fraud of appellee, or the defendant in this case. See Young v. City National Bank of Galveston (Tex. Civ. App.) 223 S. W. 340; Flanagan v. Pearson, 42 Tex. 1, 19 Am. Rep. 40; Forsyth v. Vehmeyer, 177 U. S. 177, 20 S. Ct. 623, 44 L. Ed. 723; In re Shepardson (D. C.) 220 F. 186; Peters v. United States (C. C. A.) 177 F. 885.

In this case the plaintiff proved that the judgment in the original case was a plain suit on a promissory note, and the petition in that case introduced in evidence showed that there were no allegations of fraud whatever, but that the cause of action was entirely one for debt on the note. The judgment also showed this. There was further proof that the plaintiff had been discharged in bankruptcy after the judgment was obtained, and that this judgment was duly scheduled, and that the appellant Scott had due notice of the bankruptcy proceedings. This made out a complete case entitling the plaintiff to injunc-

tion against the judgment, and conclusively established that the judgment was subject to the bar of the discharge in bankruptcy. See Bunting Stone Hardware Co. v. Alexander (Tex. Civ. App.) 190 S. W. 1152; Friend v. Talcott, 228 U. S. 27, 33 S. Ct. 505, 57 L. Ed. 718.

We conclude that the trial court was correct in granting appellee an injunction restraining appellant from seeking to collect the debt theretofore discharged in bankruptcy.

Judgment affirmed.