**FAMILY SMALL LOAN CO. OF RICH-MOND, Inc., v. MASON.**

**In re MASON.**

**No. 3524.**

Circuit Court of Appeals, Fourth Circuit.

Oct. 14, 1933.

Simeon M. Atkinson, of Richmond, Va. (Walter M. Evans, Virgil R. Goode, and W. H. Cardwell, all of Richmond, Va., on the brief), for appellant.

T. Nelson Parker, of Richmond, Va., for appellee.

Before PARKER, NORTHCOTT, and SOPER, Circuit Judges.

PER CURIAM.

This is an appeal in a bankruptcy case from an order staying proceedings in a state court on a claim alleged to be a dischargeable debt of the bankrupt. While the pleadings in the state court were not made a part of the record, it is admitted by counsel that the action was one for fraud and deceit. The facts were stipulated; and from this stipulation it appears that the bankrupt had obtained $100 from appellant by means of a false statement to the effect that he owed no other debts, whereas in fact he was largely indebted at the time. This constituted the obtaining of money by false pretenses and resulted in the creation of a liability which would not be discharged by bankruptcy. Forsyth v. Vehmeyer, 177 U. S. 177, 182, 20 S. Ct. 623, 44 L. Ed. 723; Friend v. Talcott, 228 U. S. 27, 33 S. Ct. 505, 57 L. Ed. 718. A court of bankruptcy may stay suits against the bankrupt, not involving his property, only where same are founded upon claims from which a discharge would be a release. 11 USCA § 29 (a). And a discharge will not release a bankrupt from liabilities for obtaining property by false pretenses or false representations. 11 USCA § 35 (second). Since, therefore, it was admitted that the suit in the state court was one to enforce a liability arising out of the obtaining of money by false pretenses, it was not one in which the court of bankruptcy was authorized to stay proceedings. Interesting questions discussed in the briefs as to whether the bankruptcy court should hear evidence on the nature of the debt where the pleadings in the state court show a debt that is not dischargeable, need not be considered, as here the court considered the evidence presented in the form of a stipulation by counsel; and this evidence, as well as the pleadings in the state court, showed a debt which was not dischargeable. The order of the court below will be reversed.

Reversed.