Cooper v. Allison.

Opinion delivered May 17, 1920.

1. Fraud—waiver.—Where defendant fraudulently represented to plaintiff, in an exchange of lands, that P. would purchase of plaintiff at a certain price the house and lot to be conveyed to plaintiff by defendant, plaintiff's right of action for such fraud was not waived by plaintiff executing a release to P. from the contract of purchase which P. executed; P. having made the contract in collusion with defendant, and having abandoned it, and the release being given to obtain a release from P. which the insurance company required before paying to plaintiff the insurance on the house which had burned.

2. Fraud—damages.—The measure of damages for fraudulent representation of defendant in pretending to secure a purchaser of exchanged property at a stipulated price as consideration for

the exchange is the difference between the actual value and the price so promised, where plaintiff's sole purpose in the exchange was to make the sale.

Appeal from Garland Circuit Court; *Scott Wood,* Judge; affirmed.

*S. W. Garratt,* for appellant.

1. The verdict and judgment are not sustained by sufficient evidence. Fraud and deceit were not proved, but, admitting fraud and deceit as alleged, plaintiff would not be entitled to recover unless he showed a loss, and not then if, with full knowledge of the facts, he entered into a written contract, on his own motion, to settle the whole matter, which was accepted and carried out by him and proposed and written by his own counsel. 12 R. C. L., p. 413. The evidence wholly fails to prove fraud or deceit or misrepresentations as to value of the rentals, or that one Parnell would purchase for $3,000.

2. The court erred in its instructions on the measure of damages. The proof shows no fraud or deceit nor any damages and that there was a complete release and settlement of the conditions complained of.

*Berry H. Randolph* and *Jas. E. Hogue,* for appellee.

1. Collusion is proved between appellant Cooper and Parnell. The instrument presented as a release is signed by J. R. Parnell and not by appellee. The alleged release was in no way binding on appellee.

2. There is no error in the instructions as to the measure of damages. The verdict was for $1,000 and is sustained by the law and the evidence.

McCulloch, C. J. Appellee owned a farm in Lonoke County which was heavily mortgaged, and there was about to be a foreclosure of the mortgage. Being desirous of disposing of his equity before the foreclosure, he entered into negotiations with appellant for the exchange of his equity in the Lonoke County farm for certain real property in the city of Hot Springs, where appellant resided. The negotiations were conducted by a real estate

agent, who brought the parties together and the negotiations resulted in an exchange of the respective properties.

This is an action instituted by appellee against appellant to recover damages for alleged fraud and deceit committed by appellant in inducing appellee to make the exchange of the properties. Appellee alleged in his complaint, and the testimony tended to prove, that appellant represented to him that he had a purchaser for the property in the person of one Parnell at the price of $3,000, and that Parnell was ready, willing and able to consummate the purchase of the Hot Springs property for that sum, that such representations were false, and that appellee accepted the property in exchange for the farm lands solely on the faith of said representations. The proof shows almost beyond dispute that appellant made certain representations concerning the opportunity to resell the property to Parnell for the price mentioned. The testimony adduced by appellee also tended to show that appellee relied on those representations and that he had no other use for the property and would not have accepted it in exchange, except for resale, and that he relied solely on those representations which the evidence tended to show were false. This was denied by appellant and his witnesses, who testified that Parnell was desirous of buying the property and did in fact make the purchase from appellee immediately upon the latter's acceptance of the exchange and that Parnell paid appellee $100 as part of the purchase price.

There was a written contract entered into between Parnell and appellee, whereby the sum of $100 paid in advance was to be forfeited in the event Parnell failed to complete the purchase. The testimony shows that appellee refused to accept the property in exchange for his farm until there was a contract entered into with Parnell and it is also shown that appellant furnished the $100 which was used in putting up the forfeit for Parnell. There is enough evidence, we think, to warrant the conclusion that the purchase by Parnell and appellant's rep-

resentations as to the opportunity to resell the property to Parnell were not made in good faith, but were collusive between appellant and Parnell, and that those facts constituted actionable deceit practiced by appellant upon appellee, which induced the latter to enter into a contract for the exchange of the properties. The testimony shows very clearly that appellee did not want the property for any other purpose except for immediate resale and that he purchased under the belief that Parnell was, as represented by appellant, a purchaser ready, willing and able to accept the property. Parnell forfeited the $100 and abandoned the contract, and nothing further was done under it.

In the exchange between the parties, this property was estimated at the value of $3,000, which was the amount of the purchase price in the resale to Parnell, but the testimony adduced tends to show that the property was only worth from $1,500 to $1,800.

There is also a charge that appellant misrepresented the amount of rents being paid by the tenant who occupied the premises at the time, and there is testimony tending to support that charge. The issue of fraud and deceit was clearly submitted to the jury, and we are of the opinion that there was enough evidence to support the verdict.

It is earnestly contended that appellee was precluded from asserting a right of action for deceit because of the fact that he released Parnell from the contract. The testimony on that subject was undisputed. Parnell abandoned the contract without taking possession of the property and later the house was burned. There was an insurance policy on it payable to appellee in the sum of $1,500. There was an adjustment of the loss by the insurance company in the sum of $1,000, but the company refused to pay over the money to appellee unless a release by Parnell should be obtained. In order to collect the insurance, appellee's agent undertook to get a release from Parnell, but the latter required, as a condition for

that release, that appellee release him from the performance of the contract of purchase.

If, as appellee charges and as the proof tends to show, there was collusion between Parnell and appellant to practice deceit on appellee, and Parnell's attitude as a purchaser was not in good faith, and if, as is shown, Parnell abandoned the contract and had no intention of performing it, then appellee did not waive his right of action to recover damages for the deceit by executing the release to Parnell in order to secure a release of the insurance so that the company would pay it over to appellee, who was entitled to it under the policy. The proof shows this was done merely for the purpose of clearing the way for the collection of the insurance and not for the purpose of releasing Parnell from the performance of the contract which he was ready, willing and able to perform.

There is another assignment of error in regard to an instruction given by the court on the measure of damages. The correct measure of damages was the difference between the actual market value of the property received by appellee in the exchange and the price which he was to get on the resale to Parnell, for, as before stated, the sole purpose of the exchange was to resell the property to Parnell at a stated sum. This was in effect the instruction given by the court, although there is slight ambiguity of the language used. The evidence tended to show that the property was not worth more than $1,800 at the time appellant received it in exchange, and the damages as measured by the standard laid down by the court were sufficient to warrant recovery of the amount of $1,000 awarded by the jury.

Judgment affirmed.