## ALLISON *v.* COOPER.

Opinion delivered April 2, 1928.

BANKRUPTCY—FRAUDULENT REPRESENTATIONS. — Under Bankruptcy Act, § 17, subd. 2, liabilities for obtaining property by false pretenses or false representations are not discharged by bankruptcy.

Appeal from Garland Circuit Court; *Earl Witt,* Judge; reversed.

### STATEMENT OF FACTS.

This was a proceeding by *scire facias* by S. G. Allison against J. F. Cooper to revive a judgment. Cooper defended on the ground that he had been discharged in bankruptcy in the Federal court after the judgment had been obtained. Allison filed a response, alleging that the judgment sought to be revived was excepted from the discharge in bankruptcy under the bankruptcy statute.

Allison introduced in evidence the judgment sought to be revived, as well as the pleadings in that case. Cooper appealed from the judgment of the circuit court to this court, and the judgment was affirmed. The action was one for damages for fraudulent representations of Cooper in pretending to secure a purchaser of exchange property at a stipulated price as a consideration for the exchange of lands. The opinion was delivered on May 17, 1920. *Cooper v. Allison,* 144 Ark. 82, 221 S. W. 477.

On May 12; 1921, the Federal Court in Bankruptcy rendered a judgment discharging J. F. Cooper from all debts and claims which were provable under the bankruptcy act against his estate existing on the 26th day of August, 1920, excepting such debts as by law were excepted from the operation of a discharge in bankruptcy.

. The circuit court dismissed the petition of Allison to revive the judgment, and the case is here on appeal.

*O. H. Sumpter* and *Berry H. Randolph,* for appellant.

HART, C. J., ('after stating the facts). Under the Federal Bankruptcy Act, certain debts that are provable are nevertheless excepted from the operation of the discharge decree. Remington on Bankruptcy, 3d ed., vol. 7, § 3533. Under § 3537 it is said that liabilities for obtaining property by false pretenses or false representations are excepted from the operation of discharge. The author adds that this exception was added by the amendment of 1903, and took the place of the former provision that read: "Judgments for fraud or for obtaining property by false pretenses or false representations."

Upon the same subject we quote from Collier on Bankruptcy, 13 ed., vol. 1, page 613, the following:

"Liabilities for fraud, false pretenses and false representation. Before the amendment of 1903, a bankrupt might have been released from a debt contracted in fraud, unless the fraud had been determined and a judgment therefor had been rendered. As the law now stands, the frauds which will bar discharge are those connected with the obtaining of property by 'false pretenses or false representations.' 'Property' as here used has the meaning usually accorded to the word in similar statutes; it means something of substance; it includes money, but does not include services."

In *Forsythe* v. *Vehmeyer,* 177 U. S. 177, 20 S. Ct. 623, 44 L. ed. 723, it was held that a representation as to a fact, made knowingly, falsely and fraudulently, for the purpose of obtaining money from another, and by means of which

such money is obtained, creates a debt by means of a fraud involving moral turpitude and intentional wrong, and such debt is not discharged by a discharge in bankruptcy.

In *Bullis* v. *O'Beirne*, 195 U. S. 606, 25 S. Ct. 118, 49 L. ed. 340, it was held that on writ of error to a State court, reviewing its refusal to cancel a judgment after discharge of the debtor in bankruptcy, on the ground that the judgment was in action for fraud, the Federal question is not whether the complaint sufficiently charged fraud to warrant the judgment, but whether the action was for fraud; and if there are facts charged and found to the effect that false and fraudulent representations were made and relied on which, in the State court, were sufficient to warrant relief on the ground of fraud, the judgment comes within the exception of § 17 of the bankrupt act, and will not be canceled, although the suit may originally have been brought in equity for specific performance instead of for money judgment. A statement made fraudulently with knowledge of its falsity must necessarily be intended to deceive.

In the same case it was said that, whether the complaint specifically charged fraud to warrant the judgment given, was not a Federal question. The court further said that the question for it was whether the judgment rendered by the said court was in an action for fraud, and that, if so, it was excepted from the effect of a discharge in bankruptcy.

The question therefore presented in this case is, was the judgment in favor of Allison in *Allison* v. *Cooper,* in the circuit court, as finally decided in this court, one within the meaning of the second exception to the bankruptcy act above referred to? We think an examination of the record in that case, as well as the interpretation of the pleadings and judgment by the opinion of this court in the case referred to, in 144 Ark. 82, 221 S. W. 477, shows that the relief was granted on the ground of false representations by Cooper which induced Allison to make the exchange of lands. Under the principles of law above

decided, in order to bring the case within the operation of the bankruptcy statute and prevent the discharge of the bankrupt, it should be made to appear that the money or property was obtained by fraudulent representations, and that it was not therefore released by the discharge in bankruptcy.

The object of the statute is to prevent the bankrupt from retaining the benefits of property acquired or money secured by fraudulent representations. In *Cooper v. Allison,* 144 Ark. 82, 221 S. W. 477, the court said:

"There is enough evidence, we think, to warrant the conclusion that the purchase by Parnell, and appellant's (appellee here) representations as to the opportunity to resell the property to Parnell, were not made in good faith, but were collusive between appellant and Parnell, and that those facts constituted actionable deceit practiced by appellant upon appellee, which induced the latter to enter into a contract for exchange of properties."

As thus interpreted, we are of the opinion that the judgment in question was based upon the fraudulent representations of Cooper, and the judgment sought to be revived in this case is, in our opinion, in an action for fraud within the meaning of subdivision 2 of provable claims excepted from a discharge in bankruptcy in the Federal court.

It follows that the judgment will be reversed, and the cause will be remanded with directions to the circuit court.to issue the writ of *scire facias* and revive the judgment in accordance with the petition of S. G. Allison, and for further proceedings according to law and not inconsistent with this opinion.