### WESTERN UNION COLD STORAGE CO. v. HURD.

(Circuit Court, W. D. Missouri, W. D.  June 16, 1902.)

#### No. 2,279.

1. BANKRUPTCY—DEBTS RELEASED BY DISCHARGE—DEBT CREATED BY FRAUD.
   In the provision of Bankr. Act 1898, § 17a, cl. 4, excepting from the debts released by a discharge in bankruptcy debts created by the bankrupt's fraud, embezzlement, etc., the term "fraud" means positive fraud, or fraud in fact, involving moral turpitude, as does embezzlement, and not implied fraud, or fraud in law; and a debt arising from an overpayment made to the bankrupt through mistake, which he refused to refund, is not created by his fraud, within the meaning of such provision, and is released by his discharge, although his denial of liability when advised of the mistake may have been a mere pretense.

At Law.

Lathrop, Morrow, Fox & Morse, for plaintiff.
Harkless, O'Grady and Crysler, for defendant.

PHILIPS, District Judge.  This controversy grows out of the following state of facts, substantially:  The plaintiff corporation was doing business in the city of Chicago, Ill., in 1897 and 1898, which

¶ 1. See Bankruptcy, vol. 6, Cent. Dig. § 792.

business was that of storing in cold storage, for hire, goods, etc., for persons who might desire to do business with the plaintiff, and making advances in cash to its customers upon the goods so stored, and for paying freight, insurance, and other charges against the goods, and selling the same for its customers, and making remittances at stated times. The defendant was engaged in business at Kansas City, Mo., in buying and shipping car loads of eggs to Chicago for sale. These consignments were made to the plaintiff, who, upon notes executed by the defendant to it, made advances to the defendant. During the year 1897 the defendant made several shipments of car loads of eggs to the plaintiff, which the plaintiff sold; and on the 13th day of January, 1898, it forwarded to the defendant a statement of accounts between them growing out of these transactions, showing a balance in the defendant's favor of $4,856.35. By mistake this included the sum of $3,072.65, which was included in a former statement made in December, 1897, so that the plaintiff remitted in excess of the sum due to the defendant on this account $3,072.75, which the defendant, on being advised thereof, failed and refused to return to the plaintiff. While the petition avers that the defendant knew at the time he so received said excess that it was not honestly due him, and that he cashed the check and appropriated the money to himself with the intention of defrauding the plaintiff, the essential facts are that the $3,072.75 in excess of the amount due was sent by mistake of the plaintiff, and when the defendant was sufficiently advised thereof, under pretense of claim on his part that there was no mistake, he failed to account for the money, and used the same in his business. The present suit for the recovery of this sum was instituted on July 19, 1898. The answer pleads that on the 15th day of November, 1898, the defendant was adjudged a bankrupt by the United States district court for the Western district of Missouri, and that in his schedule of liabilities he included this claim of the plaintiff, of which the plaintiff had notice, and that the plaintiff appeared before the referee in bankruptcy and resisted the discharge of the bankrupt; that afterwards, on the 15th day of April, 1901, the defendant duly received his final discharge in bankruptcy from said court, which discharge in bankruptcy is pleaded as a bar to this action and a discharge of the claim.

The defendant having scheduled the claim sued on and given notice thereof to the creditor, as by the bankrupt act provided, and having pendente lite received his discharge in bankruptcy, it is conceded by counsel for plaintiff that the discharge constitutes a complete bar to the action, unless the claim was created by the defendant's fraud, within the meaning of section 17, cl. 4, of the present bankrupt act. This term, "fraud," as employed in the bankrupt act of 1867, received a definite construction by the supreme court of the United States in Neal v. Clark, 95 U. S. 704, 24 L. Ed. 586. Mr. Justice Field, speaking for the court, said:

"The fraud referred to in that section means positive fraud, or fraud in fact, involving moral turpitude or intentional wrong, as does embezzlement, and not implied fraud, or fraud in law, which may exist without the imputation of bad faith or immorality. Such a construction of the statute is consonant with equity and consistent with the object and intention of congress in enacting a general law by which the honest citizen may be relieved from the burden of hopeless insolvency. A different construction would be

inconsistent with the liberal spirit which pervades the entire bankrupt system."

As the term "fraud" is expressed in the same connection with the term "embezzlement" in the act of July 1, 1898, it must receive the same construction as given in the act of 1867. Bracken v. Milner (C. C.) 104 Fed. 522, and cases cited. There is no foundation, on the evidence in this case, to warrant the court in finding that the claim sued on originated in fraud in fact, involving moral turpitude or intentional wrong. The debt had its origin through the mistake of the plaintiff in his stated accounting with the defendant, and in overpaying the defendant, which overpayment the defendant failed to return when advised thereof. The defendant did not obtain the money, through any misrepresentation, falsehood, trick, or deceit. It was voluntarily paid to the defendant, unsolicited and uninvited by him. The liability of the defendant, therefore, did not arise ex delicto; and the proper form of action for its recovery is simply an action for money had and received to the plaintiff's use, arising on the implied promise which the law makes in such cases. The fact that the defendant, when restitution was demanded, denied liability, against the great weight of evidence, could not convert the wrongful detention of the money into an original positive fraud, essential in the creation of a debt to avoid the effect of a discharge in bankruptcy.

It results that the plaintiff cannot recover.