(62 Misc. Rep. 459.)

## JANSON et al. v. POTRUCH et al.

(Supreme Court, Appellate Term.   March 5, 1909.)

1. COURTS (§ 189*)—MUNICIPAL COURTS—AMENDING JUDGMENT.

By the provisions of Municipal Court Act (Laws 1902, p. 1563, c. 580) § 254, the trial justice has power to amend and modify the judgment.

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 189.*]

2. TROVER AND CONVERSION (§ 13*)—CONVERSION.

Plaintiffs, who, as security, deposited checks with defendants, which were cashed in due course, have a claim only for money had and received, and not for conversion, in the absence of a showing of obligation to return the specific moneys deposited.

[Ed. Note.—For other cases, see Trover and Conversion, Dec. Dig. § 13.*]

Appeal from Municipal Court, Borough of Manhattan, Third District.

Action by William G. Janson and another against Aaron Potruch and another.   From an order modifying a judgment for plaintiffs, they appeal.   Affirmed.

Argued before GILDERSLEEVE, P. J., and MacLEAN and DAYTON, JJ.

Ferriss & Roeser, for appellants.

Morrison & Schiff, for respondents.

MacLEAN, J.   Upon oral pleadings the plaintiffs declared "conversion," and the defendants answered "general denial, bill of particulars."   According to the particulars furnished, the office of which "is to amplify a pleading and to inform a party with reasonable certainty of the nature of the claim made by his adversary, in order to prevent surprise and to enable him intelligently to meet the issue upon the trial" (Taylor v. Security Mutual Life Ins. Co., 73 App. Div. 319, 323, 76 N. Y. Supp. 671), the plaintiffs claim that the defendants converted the sum of $500, belonging to the plaintiffs, to their own use, as follows:

"That on or about the 5th day of June, 1908, the plaintiffs deposited with the defendants the sum of $500, together with two promissory notes, aggregating the sum of $500 additional, to be held as security under a lease, dated June 5, 1908, of certain premises in the borough of Brooklyn, city of New York, to be used as a theater for moving pictures or for vaudeville shows, which said lease was to be made by the defendants, as lessors, to the plaintiffs, as lessees.   That by a written instrument, delivered at the same time with the said lease, the defendants agreed to procure a license for the use of said premises for a vaudeville house and moving picture place, and that the said lease should become null and void, and the above security deposited with the defendants should be returned to the plaintiffs, if the said license was not secured by the defendants.   That no license was obtained by the defendants, and that the aforesaid lease was null and void, and that the plaintiffs demanded of the defendants the return of the security deposited with them, to wit, the sum of $500 and the two promissory notes, and that no part thereof was returned, excepting the two promissory notes, although demand was duly made upon the defendants, whereby the plaintiffs were damaged in the sum of $500."

---

As they particularized, so they proved, with the exception of the moneys for the conversion of which this action was brought, and judgment was rendered in their favor, with provision for a body execution against the defendants. Thereafter, upon motion by the defendants, the trial justice by order modified and amended the judgment by striking therefrom the provision "that the defendants are liable to arrest and imprisonment," and from that order the plaintiffs now appeal.

The trial justice was empowered to amend and modify the judgment by the provisions of section 254 of the Municipal Court act (Laws 1902, p. 1563, c. 580); and in view of the claim, despite its characterization, proven by the plaintiffs, the trial justice, under Cohn v. Beckhardt, 63 Hun, 333, 18 N. Y. Supp. 84, was justified in rendering judgment merely upon the legal obligation of the defendants to pay a sum certain to the plaintiffs as money had and received, because the plaintiffs deposited checks for $400 and for $100 with the defendants, and they appear to have been cashed in due course. Wherefore the plaintiffs may not claim for conversion, unless the defendants were obligated to return the specific moneys deposited, and this was not shown. The order must therefore be affirmed.

Order affirmed with costs.

GILDERSLEEVE, P. J., concurs. DAYTON, J., concurs in result.