## Louisville & Nashville Railroad Company v. Bryant.

(Decided September 19, 1912.)

### Appeal from Daviess Circuit Court.

1. Bankruptcy—Fraud—Claims That Are Not Released by Discharge.—Judgments in actions for fraud are not released by the discharge of the judgment defendant in bankruptcy.

2. Bankruptcy—Judgment in Action for Fraud.—Whether or not a judgment was obtained in an action for fraud is to be determined by an inspection of the entire record in the case in which the judgment was rendered; and, where there is a trial before a jury, unless it appears that the jury was influenced to render the verdict upon which the judgment was based by evidence of fraud on the part of the judgment defendant, the discharge in bankruptcy will satisfy the judgment. And where there are several issues submitted by the instructions to the jury, on some of which a verdict could have been found in favor of the plaintiff, without involving the defendant in fraud, it will not be presumed that the jury based their verdict upon the fraud of the defendant.

3. Fraud—Definition of.—The character of fraud necessary to save a demand from the operation of the bankrupt act is positive fraud, or fraud in fact, involving moral turpitude or intentional wrongdoing, and not implied fraud, which may exist without imputation of bad faith or immorality.

BROWDER & BROWDER, CHAS. H. MOORMAN, BENJ. D. WARFIELD and REUBEN A. MILLER for appellant.

G. H. CARY, BEN D. RINGO for appellee.

OPINION OF THE COURT BY JUDGE CARROLL—Affirming.

In August, 1900, the Tennent-Stribbling Shoe Company, of St. Louis, Mo., sold to the Bryant Coal Company, a concern doing business at Island, Ky., a bill of shoes for $499.78. The shoes were shipped via L. & N. Railroad Company, to the Bryant Coal Company, and when they arrived at Island, Ky., the place of destination, were delivered by the railroad company to Ashton Bryant, the appellee. The railroad company, realizing its liability on account of the misdelivery of the goods, paid the shoe company their value, and obtained from it an assignment of its account against the Bryant Coal Company. Soon after this, the railroad company brought suit against Ashton Bryant to recover the value of the shoes. It averred in its petition that at the time the goods were sold by the shoe company to the Bryant Coal Company, the latter company with which Ashton Bryant had been connected, had been out of existence for more than a year, and that in August, 1900, Bryant was the owner and manager of another concern doing business at Island, known as the Island Coal Company. That the name Island Coal Company was a trade name assumed by Bryant, who was the owner and manager of the con-

cern. It is further averred that upon the arrival of the shoes at Island, Ky., "the defendant Ashton Bryant, representing himself as the consignee, demanded said goods from the plaintiff, and said goods were delivered to him, and plaintiff says that in this way the defendant by fraud obtained possession of said merchandise, which did not belong to him and which had not been consigned to him, and in which he had no interest, and for no part of which he had ever paid anything. That he took said merchandise or appropriated the whole thereof to his own use wrongfully and unlawfully and knowing at the time he did so that no part of said consignment of goods was intended for him."

For answer to this suit, Bryant after traversing all the affirmative allegations of the petition, averred that "at the time said goods were shipped to Island, Ky., and consigned to the Bryant Coal Company at that place, he was merely agent of the Island Coal Company, and as such agent he refused and declined to accept said goods under said consignment, and as such agent of the Island Coal Company, he so notified the Tennent-Stribbling Shoe Company that the Island Coal Company would not receive said goods so consigned to the Bryant Coal Company. He says that after notifying said Tennent-Stribbling Shoe Company of the facts as aforesaid, that it agreed and authorized the L. & N. R. R. Company to deliver the said goods, which had been consigned to the Bryant Coal Company as aforesaid, to the Island Coal Company, and that acting upon the authority of the Tennent-Stribbling Shoe Company, said goods were delivered to the Island Coal Company, and to no one else."

On the trial of this case, a verdict was returned in favor of the railroad company against Bryant for the full amount claimed, and judgment entered accordingly.

Soon after this judgment was obtained, Bryant filed his petition in bankruptcy, but the railroad company, although it had notice of the bankruptcy proceedings, did not present as a claim against the bankrupt's estate its judgment. In 1902, Bryant obtained his discharge in bankruptcy, and thus the matter stood until 1911, when the railroad company procured the issual of an execution upon its judgment against Bryant, and had the same levied upon property owned by him. After the levy of the execution, Bryant, in the case now before

us, filed his petition in equity, setting up the issual and levy of the execution, his discharge in bankruptcy, which he averred acquitted him of all liability on the judgment, and sought an injunction restraining the railroad company from further proceeding under its execution.

To this suit the railroad company filed an answer, in which it set up that the judgment in its favor against Bryant grew out of the fraudulent act of Bryant in wrongfully obtaining possession of the shoes, and consequently his discharge in bankruptcy did not satisfy the judgment, and it made a part of its pleadings the record in the suit in which it obtained judgment against Bryant.

The affirmative matter in this answer was controverted by a reply, and the case submitted upon the pleadings, and the record in the old suit of the railroad company against Bryant; whereupon the court rendered a judgment in favor of Bryant, from which judgment this appeal is prosecuted.

Section 17 of the Bankrupt Act of 1898, before its amendment by the act of 1903, provided in part that—

"A discharge in bankruptcy shall release a bankrupt from all of his provable debts except such as * * * (2) are judgments in actions for frauds, or obtaining property by false pretenses or false representations, or for wilful and malicious injuries to the person or property of another. * * * "

Under this provision of the bankrupt act, if the judgment obtained by the railroad company against Bryant was in the meaning of the act a judgment in an action for fraud, the discharge in bankruptcy of Bryant did not affect the collectibility of the judgment. It will thus be seen that the decision of the case must turn on the question whether or not the judgment against Bryant was obtained in an action for fraud, and this question must be settled by the record before us in the suit brought by the railroad company against Bryant, in which the judgment was obtained.

It appears from this record that testimony was introduced on the trial by both of the parties, but the only evidence in the record is the testimony of an agent of the Tennent-Stribbling Shoe Company, who merely testified as to the sale of the shoes to the Bryant Coal Company, the shipment of the goods to it, the failure of

the Bryant Coal Company to pay for the goods, the assignment of the claim to the railroad company, and the fact that it never authorized the railroad company to deliver the goods to Bryant, the Island Coal Company, or any person except the Bryant Coal Company, and, that Bryant as agent of the Island Coal Company, did not notify the shoe company that the Island Coal Company would not receive the goods which had been consigned to the Bryant Coal Company.

The instructions given by the court were as follows:

"1. The court instructs the jury that if they believe from the evidence that the defendant received and appropriated the goods in question to his own use, or that he fraudulently represented to the plaintiff that he was the consignee of said goods, and so got possession of said goods, or if the jury believe from the evidence that defendant was the Island Coal Company or was a member of the Island Coal Company at the time the goods in question were delivered to him, they should find for the plaintiff the value of said goods, not exceeding $499.78.

"2. If the jury believe from the evidence that the goods in question were delivered to the defendant as the agent of the Island Coal Company by the direction of the Tennent-Stribbling Shoe Company, and defendant was not a member of said Island Coal Company, and had no interest therein other than as agent, and he made no false or fraudulent representations by which he got possession of said goods, they should find for defendant.

"3. If the jury believe from the evidence that the goods were bought by defendant as agent of the Island Coal Company, and he then informed the agent of the shoe company that he was not a member of the coal company, and the jury believe he was not, they should find for defendant."

The verdict of the jury reads: "We, the jury, find for the plaintiff in the amount of $499.78;" and the judgment on this verdict was for the recovery of the amount with interest and costs.

Upon this record, it is insisted by counsel for the railroad company that the pleadings show that the only issues in the case were, whether Bryant obtained possession of the shoes by fraudulently representing that he was the consignee and entitled to their possession,

or whether or not they were delivered to him as the
agent of the Island Coal Company by the direction and
consent of the shoe company; and, that as the jury found
against Bryant, their verdict and the judgment thereon
are conclusive of the question that he obtained pos-
session of the goods by representing himself to be the
consignee, and so the fraud was established. On the
other hand, it is argued by counsel for Bryant that the
verdict of the jury and the judgment do not necessarily
show that Bryant was guilty of fraud, as under the in-
structions the jury were authorized to find a verdict in
favor of the railroad company, first, if they believed that
Bryant received the goods and appropriated them to his
own use; second, if he fraudulently represented to the
plaintiff that he was the consignee of the goods; or,
third, that he was the Island Coal Company, or was a
member of this company; and that it cannot be deter-
mined from the record upon which of these grounds the
jury were influenced to rest their verdict.

As the shoes were consigned to the Bryant Coal Com-
pany, which had gone out of existence some months be-
fore the goods were delivered at Island, the place of
destination, if the railroad company delivered the
shoes to Bryant upon his fraudulent representation that
he was the consignee, when in fact he was not, we think
there could be no doubt that his act in obtaining the
possession of the goods was fraudulent within the mean-
ing of the bankrupt statute. But, under the instructions,
the jury were authorized to and may have found a ver-
dict in favor of the railroad company upon the ground
that Bryant received and appropriated the goods in
question to his own use without making representations
of any sort or character as to his right to their posses-
sion, or, upon the ground that he was the Island Coal
Company, or a member of the company at the time the
goods were delivered to him. If the jury were influenced
to render their verdict upon either of these grounds, we
do not think Bryant could be charged with having ob-
tained the goods by fraud. If a person takes property
that does not belong to him, and converts it to his own
use, he may be guilty of larceny, or other criminal act,
but it would not necessarily follow that he had com-
mitted a fraud. Fraud is generally divided into two
classes, known as actual or positive fraud, and
legal or constructive fraud. 20 Cyc., page 8; 14

Am. & Eng. Encyc. of Law, page 19; Bouvier's Law Dict., title, Fraud. But the character of fraud necessary to save a demand or judgment from the operation of the bankrupt act is "positive fraud, or fraud in fact, involving moral turpitude or intentional wrong, as does embezzlement; and not implied fraud or fraud in law, which may exist without imputation of bad faith or immorality." Neal v. Scruggs, 95 U. S., 704; 24 L. Ed., 586; Strang v. Bradner, 114 U. S., 555, 29 L. Ed., 248; Forsythe v. Vehmeyer, 177 U. S., 177, 44 L. Ed., 723; Bullis v. O'Beirne, 195 U. S., 606, 49 L. Ed., 340. In other words, the character of fraud contemplated by the bankrupt act is fraud accomplished by false representations, by words or conduct, or by concealment of that which should have been disclosed which deceives and is intended to deceive another, who acts upon it to his injury. So that, if Bryant obtained possession of the goods without making any representations, or if he was at the time, in fact, the Island Coal Company or a member of that company, he did not obtain them by or through fraud, within the meaning of the bankrupt act.

It is true, as argued by counsel for the railroad company, that the petition expressly charged that Bryant obtained possession of the goods by fraudulently representing himself as the consignee of the goods, and that the answer, while denying the fraud, asserted that Bryant took possession of the goods by direction of the shoe company; and if there was evidence to support the charge of misrepresentation, or these two issues alone had been submitted by the instructions to the jury, and a verdict had been returned in favor of the railroad company, we would treat the judgment as conclusive that the goods were obtained by fraud. But, there is no evidence in the record showing that Bryant made any representations to the railroad company, under or by which he obtained possession of the goods. It is true the jury may have based their verdict on evidence that Bryant did make the fraudulent representations charged in the petition, but, if so, the record does not disclose it. We think before a demand like this can be correctly described as a judgment in an action for fraud, it should distinctly appear that the verdict upon which the judgment was based was the result of evidence showing the fraudulent transaction asserted in the petition. Where

there is a trial before a jury upon evidence and instructions presenting issues that do not necessarily involve fraud, the petition in the action in which the judgment is obtained cannot be treated as conclusive of the question of fraud. The whole record must be looked to in determining whether or not the judgment was obtained in an action for fraud, and it should be made to appear that the verdict and judgment thereon would not have been rendered unless there was evidence to establish that actual fraud was practiced by the judgment defendant. Having this view of the law applicable to this case, it follows that the judgment of the lower court must be affirmed.