Isidor Wasservogel,
Spec. Ref. Plaintiffs seek to recover the sum of $2,000 for the alleged fraud, conversion and willful and malicious injury to their property by defendant.
Plaintiffs, manufacturers of ladies underwear, engaged defendant as an independent contractor to manufacture their merchandise. Pursuant to an oral contract between the parties, plaintiffs furnished raw materials and invoiced them to defendant at a given price. Defendant, upon delivery of the completed garments, in turn, invoiced plaintiffs at a given price therefor and deducted therefrom the amount due them as the invoiced price for such raw materials. Defendant, however, in billing plaintiffs on the several occasions here involved, invoiced them for and received from them the gross price instead of deducting the billed cost of such raw materials. It is alleged in the complaint “ that the defendant, by means of the false representa *94 tions to the plaintiffs of the amount due defendant, made by means of the said invoices, obtained from plaintiffs the sum of $2,253.82 in excess of the amount due to the defendant by plaintiffs ” and “that he converted the said sum to his own use; * * * that the defendant wilfully and maliciously injured the property of the plaintiffs by appropriating the said sum * * * and converting it to his own use.” Defendant admits the overcharges and overpayments alleged in the complaint but contends that they were made as a result of a mutual mistake of his and plaintiffs. Prior to commencement of this action, defendant repaid the sum of $253.82, leaving a balance due plaintiffs of $2,000, which they seek to recover herein.
During the course of the trial of this action it was brought to the attention of the court that defendant went into bankruptcy shortly after making the afore-mentioned partial restitution. It should be noted, however, that the issue of whether plaintiffs’ claim was discharged in these bankruptcy proceedings is not before this court. The only question to be determined here is whether plaintiffs proved their causes of action for fraud, conversion or willful and malicious injury to their property.
It is elementary that fraud will not be presumed and must be proven in an action for damages (Lowendahl v. Baltimore & Ohio R. R., 247 App. Div. 144, 158, affd. 272 N. Y. 360; Titterington v. Colvin, 270 N. Y. 321). In order to recover a judgment for fraud, a plaintiff must ordinarily plead and prove five essential elements, to wit, a representation by defendant, the falsity thereof, scienter, deception, and injury (see Reno v. Bull, 226 N. Y. 546, 550; Ochs v. Woods, 221 N. Y. 335, 338). This, plaintiffs failed to do.
The credible testimony and documentary evidence establish that the overcharges by defendant and the overpayments by plaintiffs were, at the most, the result of carelessness and mutual mistakes on the part of all parties concerned. Plaintiff Isaac Zacharia admitted that deductions for the raw materials supplied by plaintiffs could have been made on the invoices submitted by plaintiffs to defendant or on those submitted by defendant to plaintiffs. He testified that on prior occasions, in the course of business dealings with defendant, such deductions had been made by plaintiffs. Thus, it is apparent that by the exercise of ordinary care and intelligence, plaintiffs could have and should have been aware of the errors in defendant’s billings. In view of these circumstances and, more particularly, inasmuch as plaintiffs have failed to establish any intent on the part of defendant to deceive plaintiffs or deprive them of their *95 property, as alleged in their complaint, I find that plaintiffs have failed to prove an action sounding in fraud (Sylvester v. Bernstein, 283 App. Div. 333, 336, affd. 307 N. Y. 778).
Contrary to plaintiffs’ contention, a willful and malicious injury to property does not follow, ipso facto, from every act of conversion (see Brown v. Garey, 267 N. Y. 167, 169). In the opinion of the court, the overcharges and overpayments here involved which resulted from carelessness and mistakes on the part of plaintiffs and defendant do not constitute willful and malicious injury to property by defendant (Western Union Gold Storage Co. v. Hurd, 116 F. 442). Likewise, when there is no contractual or other legal obligation to return the identical funds allegedly converted, but a mere relationship of debtor and creditor exists between the parties, an action for conversion of the funds which represent the indebtedness will not lie against the debtor (Melnick v. Kukla, 228 App. Div. 321, 323; Janson v. Portuch, 62 Misc. 459).
Upon the evidence before me, therefore, I have reached the conclusion that plaintiffs have failed to prove that defendant fraudulently, willfully or maliciously converted their property to his own use. It necessarily follows that the complaint must be dismissed, upon the merits.
Accordingly, judgment is rendered in favor of defendant.
The above constitutes the decision of the court as required by the applicable provisions of the Civil Practice Act.