377 P.2d 371

**H. Wallace WEIGAND and La Verna Weigand, Husband and Wife, Plaintiffs-Appellants,**

v.

**Blaine FURNISS, Defendant-Respondent.**

No. 9206.

Supreme Court of Idaho.

Dec. 28, 1962.

R. M. Whittier, Pocatello, for appellants.

Terrell, Green, Service & Gasser, Pocatello, for respondent.

SMITH, Chief Justice.

Appellants have appealed from a summary judgment of dismissal of their cause of action directed against respondent, whereby appellants sought recovery of $6,-609.01 obtained from appellants by respondent, allegedly by reason of his false and fraudulent representations knowingly made.

Appellants by their amended complaint allege that respondent contracted to build a home for appellants at an agreed sum; respondent to bill intermittently, with invoices furnished for work completed, and receive payment therefor. Appellants allege misrepresentations occurred on two separate occasions, August 3, 1959, and September 9, 1959, in that respondent requested and received from appellants a payment of $7,000 on each such date for work completed, representing in each instance that he had the invoices to support the charge and would give them to appellants the following day; that at the time he billed and received the second payment of $7,000 respondent represented he needed such sum immediately, to bring his accounts up to date for labor and materials, in order that he could continue the work of building the home. Appellants then allege that prior to the time respondent received the second payment of $7,000, i. e., on September 4, 1959, he was in fact a bankrupt, and that on September 9, 1959, he well knew that he had no statements or invoices to support the $7,000 bill presented to appellants; that respondent made such misrepresentations intending to mislead appellants who, if they had known the true facts at the time, would not have paid such sum of money to respondent; that respondent used the second $7,000 installment payment to pay other indebtedness not related to the contract of building the home.

Respondent by his answer admitted the contract to build a home and that he was to bill appellants intermittently for work performed, and generally respondent denied all other material allegations of plaintiffs' amended complaint. By way of affirmative defense respondent alleged that on April 15, 1960, he filed a petition in bankruptcy, he had been adjudicated a bankrupt, and that he had received a discharge in bankruptcy from debts listed in the bankruptcy proceeding which included appellants' claim.

Based on the pleadings, affidavits and interrogatories, respondent made a motion for summary judgment of dismissal on the ground that appellants' claim was barred by respondent's discharge in bankruptcy. The court ruled that there existed no issues of fact upon which the appellants could recover in view of respondent's discharge in bankruptcy; that appellants' claim against respondent "for money obtained by defendant [respondent] by reason of actual fraud which would exclude such claim from the operation of the discharge in bankruptcy had been completely and entirely rebutted by the pleading, records and files, and the interrogatories and answers * * *," and that respondent could not maintain his cross claim against appellants for damages for breach of the contract. The court thereupon granted respondent's motion and entered summary judgment of dismissal, which resulted in this appeal.

**192**

Appellants' assignment that the trial court erred in granting summary judgment of dismissal is based essentially upon the following grounds:

First, error committed in holding that appellants' claim set out in their complaint was barred under the bankruptcy law.

Second, error committed in holding that there existed no issue of fact to be resolved by trial.

The portion of the Bankruptcy Act upon which appellants rely and upon which the trial court based its ruling that appellants' claim was barred by respondent's discharge in bankruptcy, reads·

"A discharge in bankruptcy shall release a bankrupt from all of his provable debts, whether allowable in full or in part, except such as * * * (2) are liabilities for obtaining money or property by false pretenses or false representations, * * *." 11 U.S. C.A. § 35, sub. 2.

Additionally appellants cite U.S.C.A., Title 11, § 35, sub. 4 which excepts from discharge in bankruptcy debts created by the bankrupt's fraud, embezzlement, misappropriation or defalcation "while acting as an officer or in any fiduciary capacity." Such provision of the bankruptcy act applies only to an express trust, which is not pleaded herein. Davis v. Aetna Acceptance Company, 293 U.S. 328, 55 S.Ct.

151, 79 L.Ed. 393; Taitch v. Lavoy, 57 Wash.2d 857, 360 P.2d 588.

The Bankruptcy Act, 11 U.S.C.A. § 35, sub. 2, contemplates the perpetration of intentional fraud as distinguished from constructive fraud. The "false pretenses or false representations" must be as to facts, knowingly and falsely made with fraudulent intent for the purpose of obtaining money or property from another, and by means of which the same is obtained. Weitzel v. Jukich, 73 Idaho 301, 251 P.2d 542; Forsyth v. Vehmeyer, 177 U.S. 177, 20 S.Ct. 623, 44 L.Ed. 723. The Act contemplates positive fraud as distinguished from implied fraud, or fraud in law. Western Union Cold Storage Co. v. Hurd, (C.C.Mo.), 116 F. 442. See also Bracken v. Milner, (C.C.Mo.) 104 F. 522; Dilley v. Simmons Nat. Bank, 108 Ark. 342, 158 S.W. 144; Louisville & N. R. Co. v. Bryant, 149 Ky. 359, 149 S.W. 830. It is from debts so incurred that the bankruptcy act forbids discharge of the bankrupt.

Briefly stated appellants allege that respondent, through his false and fraudulent misrepresentations obtained the moneys well knowing that he had not incurred the indebtedness for the use and benefit of appellants and would not apply the money toward payment of any such indebtedness; that respondent did not have invoices as he represented to support the items of alleged indebtedness for presentation to appellants,

and that respondent knowingly made such false and fraudulent representations with the express intent of misleading appellants and defrauding them of the moneys involved; that had respondent stated the truth of the matter appellants would not have paid the moneys to respondent.

Appellants' answers to interrogatories support such allegations contained in their amended complaint. Those instruments, together with respondent's answer to the complaint and his answers to interrogatories, frame the issue as to whether respondent perpetrated a positive fraud by obtaining the moneys, i. e., by false pretenses or false representations. Whether the allegations of plaintiffs' amended complaint are true is not a matter for decision by the trial court on the motion for summary judgment on the pleadings. Suffice it to say that actual, positive and intentional fraud allegedly perpetrated by respondent having been pleaded by appellants, supported by their sworn answers to interrogatories, a question of fact was presented to be resolved upon a trial.

Thus, the record here is indicative of evidentiary aspects as to facts in regard to which sharp dispute exists. Reasonable minds may well differ as to the inferences which may be drawn from the facts and circumstances shown. In other words, the pleadings, affidavits, and answers to interrogatories herein show that there is a genuine issue as to a material fact which requires denial of summary judgment on the

pleadings. I.R.C.P., Rule 56(e); Merrill v. Duffy Reed Construction Co., 82 Idaho 410, 414, 353 P.2d 657; Anderson v. Smith Frozen Foods of Idaho, Inc., 83 Idaho 494, 365 P.2d 965.

Appellants' assignments of error are meritorious.

The judgment of the trial court is reversed, and the cause remanded with instructions to reinstate appellants' amended complaint for further proceedings consonant with the views expressed herein.

Costs to appellants.

KNUDSON, McQUADE and McFADDEN, JJ., and MARTIN, District Judge, concur.