611 P.2d 1000

**Shawn Lynn BRIXEY, a Minor who sues by his next friend, Roy D. Brixey, Plaintiff-Respondent,**

v.

**Ira J. HOFFMAN, Defendant-Appellant,**

and

**Nicholas Bond, Defendant.**

No. 12607.

Supreme Court of Idaho.

April 26, 1979.

On Rehearing Feb. 5, 1980.

Jon J. Shindurling of May, May, Sudweeks & Shindurling, Twin Falls, for defendant-appellant.

Jay D. Sudweeks, Twin Falls, for defendant-appellant on rehearing.

James T. Jones of Jones & Fuller, Jerome, for plaintiff-respondent.

BAKES, Justice.

This appeal is taken from a judgment in favor of the respondent, a minor child, against two co-conservators of the child's estate for breach of their fiduciary duties.

The principal issue raised is whether the trial court erred in holding the appellant, one of the conservators, liable for the other conservator's conversion of some insurance proceeds in the child's estate. We reverse.

The respondent, Shawn Lynn Brixey, is the son of Deanna Sue Hoffman Bond and Roy D. Brixey, who were at one time married but later divorced. Following the divorce, Deanna changed the beneficiary of an insurance policy on her life from Brixey to her father, the appellant Ira J. Hoffman. However, Hoffman understood that Deanna actually intended that her son Shawn, his grandson, receive the benefits of any proceeds, and Hoffman intended to invest the proceeds for Shawn's benefit if he were ever to receive them. Deanna later married defendant Nicholas Bond and then attempted to have the policy changed to name as equal beneficiaries her son, Shawn Brixey, and her husband, Nicholas Bond. Before the change was finally consummated, however, Deanna died in May of 1974.

At the request of Nicholas Bond, Hoffman submitted a claim on the policy. The insurer, Franklin Life Insurance Co., initially refused the claim on the ground that the premiums had not been paid. Hoffman so informed Bond, who, insisting that the premiums had been paid, then consulted J. Alfred May, an attorney. May then contacted Hoffman and asked him to bring the policy to his office, which Hoffman did. Hoffman's only conversation with May at that time was "that J. Alfred and I [Hoffman] were in total agreement that whatever we could do for Shawn Brixey, we both wanted to do." Hoffman understood that May was representing both him and Bond in these matters.

The insurer later agreed to pay the claim. In a letter dated June 18, 1974, the insurer also agreed to acknowledge the attempted change of beneficiary and to make the payment with a settlement check payable jointly to Bond, Hoffman and "Shawn's court appointed guardian," provided those three parties were agreeable to that manner of payment.

In September of 1974 Hoffman and Bond filed a petition in the magistrate division seeking appointment as co-conservators of Shawn's estate. In the same petition, Patricia Hensley, Shawn's aunt, sought appointment as guardian of his person. On October 2, 1974, the magistrate entered an order appointing Hoffman and Bond as co-conservators and Hensley as guardian of the person. That same day letters of conservatorship issued stating, "Ira J. Hoffman and Nicholas Bond are hereby appointed as co-conservators of the estate of Shawn Lynn Brixey, a minor, bond to be furnished upon receipt of funds." The appointments were accepted by Hoffman and Bond on October 9, 1974.

In February of 1975 the insurance company paid the claim, a sum of $11,150.00, by a joint check payable to "Ira J. Hoffman and Nicholas Bond, individually, and Ira J. Hoffman and Nicholas Bond, co-conservators of the estate of Shawn Lynn Brixey, a minor." At May's office on March 12, 1975, Hoffman endorsed the check with the understanding that the funds would be placed in May's trust account until the court determined how the proceeds would be distributed. The funds were in fact placed in the attorney's trust account. Hoffman, as the beneficiary named in the policy, also signed a document releasing his interest in the insurance proceeds. At the same time, Hoffman apparently signed a petition in which he recognized the change of beneficiaries to Bond and the child and stated that he claimed no interest in the proceeds. In the petition Hoffman also waived his presence at any hearing by the court on the distribution of the proceeds and stated that he "accepts and will rely upon the judgment of the district court in approving the distribution of said life insurance funds." The petition was filed with the magistrate on March 14, 1975.

Hoffman never obtained a bond. According to his testimony he believed that one was not necessary since he never actually had possession of the funds and trusted that his attorney would have told him if one was in fact required. Hoffman also did not take any steps to assure that Bond had obtained a bond.

Based on a petition by Bond, the magistrate found that the child and Bond were co-beneficiaries under the policy and that Hoffman had relinquished any rights he may have had to the insurance proceeds. The magistrate therefore ordered on March 17, 1975, that the proceeds "be divided equally between Nicholas P. Bond and Shawn Lynn Brixey [and that] Nicholas P. Bond receive the proceeds payable to Shawn Lynn Brixey as conservator and shall conserve and maintain the amount as required by law." Bond obtained possession of the funds from the attorney, May, and apparently later converted the child's share and is now bankrupt. Like Hoffman, Bond never posted a bond. Hoffman apparently first learned that things had gone awry from May, who informed him that the proceeds had been paid to Bond pursuant to the court's instructions and that Bond had absconded with the proceeds. May's office made some attempts to locate Bond and eventually learned of his bankruptcy.

In November of 1975, the child's guardian, Hensley, and the child's natural father, Roy Brixey, obtained an order from the magistrate directing Bond and Hoffman to provide proof that they had posted bonds and to account for the insurance proceeds. Hoffman and Bond failed to comply with the order and in March of 1976 the magistrate ordered Bond and Hoffman removed as co-conservators and ordered Hoffman and Bond to deliver the child's share of the proceeds, $5,575.00, to Brixey. May's firm later withdrew as counsel for Bond because of "lack of cooperation," stating that they were unable to locate him. Hensley also resigned as guardian and was replaced by Brixey.

In April of 1976, Shawn Lynn Brixey, by his next friend, his natural father Roy Brixey, sued Bond and Hoffman, alleging their failure to carry out their fiduciary obligations and seeking a judgment of $5,575.00 plus interest, punitive damages, and attorney fees. Bond failed to answer after being served with process and a default judgment was entered against him. Following a court trial consisting of a stipulation and the testimony of Hoffman, the district court found that Hoffman had failed to carry out his fiduciary duties in several respects. The court entered a judgment jointly and severally against Hoffman and Bond for $5,575.00 plus interest, costs and $800 attorney fees, and awarded $5,000 in punitive damages against Bond. Hoffman brought this appeal from that judgment.

 The Idaho version of the Uniform Probate Code states the duty of a conservator as follows:

"15–5–417. *General duty of conservator.*—In the exercise of his powers, a conservator is to act as a fiduciary and shall observe the standards of care applicable to trustees as described by section 15–7–302 of this code."

"15–7–302. *Trustee's standard of care and performance.*—Except as otherwise provided by the terms of the trust, the trustee shall observe the standards in dealing with the trust assets that would be observed by a prudent man dealing with the property of another, and if the trustee has special skills or is named trustee on the basis of representations of special skills or expertise, he is under a duty to use those skills."

Hence, under the UPC the duties and liabilities of a conservator are much the same as those of a trustee, and therefore the general principles of the law of trusts provide guidance with respect to the issues raised in this appeal. The Commentators of the American Law Institute have summarized the liability of a co-trustee as follows:

"§ 224. LIABILITY FOR BREACH OF TRUST OF CO–TRUSTEE

"1. Except as stated in Subsection (2), a trustee is not liable to the beneficiary for a breach of trust committed by a co-trustee.

"2. A trustee is liable to the beneficiary, if he

(a) participates in a breach of trust committed by his co-trustee; or

(b) improperly delegates the administration of the trust to his co-trustee; or

(c) approves or acquiesces in or conceals a breach of trust committed by his co-trustee; or

(d) by his failure to exercise reasonable care in the administration of the trust has enabled his co-trustee to commit a breach of trust; or

(e) neglects to take proper steps to compel his co-trustee to redress a breach of trust." Restatement (Second) of Trusts, § 224 (1957).

Thus, Hoffman, as co-conservator, is not absolutely liable for Bond's conversion of the proceeds; rather, Hoffman is liable for that loss only if Hoffman himself breached his fiduciary duties and that breach had some causal connection with the loss.

■ With respect to Hoffman's conduct prior to the magistrate's order on March 17, we conclude that he did not breach his fiduciary duties. In his capacity as a conservator, Hoffman did not actually receive or have unqualified possession of funds belonging solely to Shawn Brixey. What was received was a multiple payee settlement check representing sums to which Hoffman and Bond, as individuals, as well as Shawn had rights. Under the unique circumstances of this case, Hoffman's endorsement of the check from the insurance company and delivery of it to the attorney for obtaining the other endorsements, and the placement of the proceeds in the attorney's trust account was a proper and prudent manner for dealing with the funds until a judicial determination concerning the parties' rights to those funds and a proper distribution of the funds could be obtained. There has been no showing that the funds were in any danger during this brief five day period, and the record indicates that, as Hoffman could have reasonably concluded, the funds were secure in his attorney's trust account. Therefore, we likewise conclude that Hoffman did not act imprudently or breach his fiduciary duties by failing to require Bond to post a bond at that point in time.

Nor do we believe that Hoffman improperly allowed Bond to obtain full management and control over the insurance proceeds. It is important to distinguish this case from the situation in which a conservator or a trustee, through an improper delegation or lack of action, permits a co-conservator or a co-trustee to obtain control over the property. *See* Restatement (Second) of Trusts, § 224(b) (1957). In this case, Hoffman petitioned the magistrate for a court determination concerning a proper distribution of the proceeds. The Uniform Probate Code specifically authorizes a conservator to petition the court for such guidance. I.C. § 15–5–416(b). We do not believe that Hoffman's exercise of his right under I.C. § 15–5–416(b) to petition the court for guidance concerning distribution of the funds was tantamount to an improper delegation of his fiduciary duties.

With respect to Hoffman's conduct following the magistrate's order on March 17, which distributed the child's share of the proceeds to Bond, we conclude that the trial court erred in finding a breach of Hoffman's fiduciary duties since, in our view, Hoffman was relieved of his fiduciary duty with respect to those funds by the order of March 17. On March 17, 1975, the magistrate made the following findings and entered the following order:

"1. Shawn Lynn Brixey and Nicholas P. Bond are co-beneficiaries under Franklin Life Insurance Company, Policy No. 3009014.

"2. Ira J. Hoffman has relinquished and given up any rights which he may have to share in the proceeds of such policy. "NOW, THEREFORE, IT IS ORDERED That the proceeds from Franklin Life Insurance Company, Policy No. 3009014, shall be divided equally between Nicholas P. Bond and Shawn Lynn Brixey. "IT IS FURTHER ORDERED That Nicholas P. Bond receive the proceeds payable to Shawn Lynn Brixey as conservator and shall conserve and maintain the amount as required by law."

By the terms of this order Bond became the sole conservator of the insurance proceeds, and Hoffman was not delegated any responsibility with respect to those funds. Therefore, at the time Bond converted the proceeds Hoffman was not responsible for conserving those funds.

■ The general rule in trusts is that a third person who "has notice that the trustee is committing a breach of trust and participates therein is liable to the beneficiary for any loss caused by the breach of

trust." Restatement (Second) of Trusts, § 326 (1959); see LaHue v. Keystone Investment Co., 6 Wash.App. 765, 496 P.2d 343 (1972); 4 A. Scott, The Law of Trusts, § 326.5 (1967). In this case it was not alleged that Hoffman had notice of or participated in Bond's conversion of the proceeds.

Reversed. Costs to appellant. Attorney fees denied.

SHEPARD, C. J., and DONALDSON and BISTLINE, JJ., concur.

McFADDEN, Justice, dissenting.

I cannot agree with the majority's conclusion that the district court order of March 17, 1975, limited appellant Hoffman's duties as co-conservator of the estate of Shawn Lynn Brixey. Part 4 of Idaho's Uniform Probate Code, which is controlling here, provides a comprehensive statutory scheme for protecting the property of a minor. I.C. § 15–5–426 of this Part authorizes the court to limit the powers of a conservator. However, if the court limits a conservator's power to acquire or dispose of an estate asset, "the limitation shall be indorsed upon his letters of appointment." I.C. § 15–5–426. The letters of conservatorship appointing Ira J. Hoffman co-conservator of the estate of Shawn Lynn Brixey indicate no such limitation. Moreover, nothing in the March 17 order either expressly or impliedly relieved Hoffman of his fiduciary duties with respect to the insurance proceeds. I am therefore of the opinion that the magistrate's order of March 17 did not relieve appellant Hoffman of his responsibility to assure that the insurance proceeds were properly maintained.

I also disagree with the majority's conclusion regarding the bond. The letters of conservatorship appointing Hoffman co-conservator stated "bond to be furnished upon receipt of funds." The majority ignores the mandatory nature of this order when, on page 6 of the majority opinion, it focuses on the security of the funds and concludes that failure to furnish a bond did not constitute a breach of Hoffman's fiduciary duties. The duty to furnish bond was absolute, it was not conditioned on actual or apparent risk of loss. When the insurance company paid the sum of $11,150.00 in February of 1975, both of the co-conservators had a duty to see that a bond was furnished. If bond had been furnished, the loss resulting from Bond's conversion of the insurance proceeds could have been recompensed by recovery on the bond. In my opinion, appellant Hoffman's failure to assure that a bond was furnished constituted a breach of his fiduciary duties. I would therefore affirm the district court judgment.

Before DONALDSON, C. J., BAKES, McFADDEN and BISTLINE, JJ., and BEEBE, J. Pro Tem.

ON REHEARING

PER CURIAM:

Petition for rehearing having been granted in the above entitled cause, and the case rebriefed and reargued,

IT IS HEREBY ORDERED That the opinion of the Court previously issued is reconfirmed.

Costs on rehearing to appellant.

McFADDEN, J., adheres to the views previously expressed in his dissenting opinion.